## CLARISSA M. BAST

*v.*

## EDWARD C. BAST.

1. DIVORCE—*desertion no excuse for adultery.* The fact that a husband
has deserted his wife, or been guilty of drunkenness or cruelty, is not a
sufficient recriminatory defense to a bill by him for a divorce for adultery
on the part of the wife.

2. SAME—*direct proof of adultery not required.* Adultery may be shown,
on a bill for divorce, by proof of circumstances that naturally lead the mind
to its belief by a fair inference as a necessary conclusion. Direct proof of
the fact is not indispensable.

Appeal from the Superior Court of Cook county; the Hon. Samuel M. Moore, Judge, presiding.

Messrs. Bonfield, Swezey & Smith, for the appellant.

Messrs. Hawes & Lawrence, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

The grounds alleged for reversing the decree in this case are, that the decree is not sustained by the evidence, and that appellee himself had deserted his wife, giving to her the right to claim a divorce from him. We do not think his desertion can exonerate the wife from the more serious charge of adultery. Neither that, nor drunkenness, nor cruelty, will, under our statute, constitute a sufficient recriminatory defense to a charge of adultery. Had appellee been guilty of a like offense, he could not claim a divorce.

As to the testimony in all such cases it must generally be circumstantial. The fact of adultery is to be inferred from circumstances that naturally lead to it by a fair inference as a necessary conclusion. The direct fact of adultery can seldom, or ever, be proved. We think sufficient facts were proved in this case " to lead the minds of reasonable and just men " to the conclusion established by the verdict, and we have no disposition to disturb it.

The decree must be affirmed.

*Decree affirmed.*