## LEWIS UMLAUF

### v.

## VICTORIA UMLAUF.

SEPARATE MAINTENANCE—DECREE AGAINST EVIDENCE.—The evidence fails to establish the essential element in complainant's bill—that she was living separate and apart from her husband without her fault—and the decree cannot be sustained.

APPEAL from the Superior Court of Cook County, the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed November 29, 1881.

Mr. D. J. LYON, for appellant; that to authorize a wife to leave her husband on account of his improper conduct, such conduct must have proceeded so far as to furnish a basis for cause of divorce, cited 1 Bishop on Marriage and Divorce, §§ 569, 799; Rea v. Durkee, 25 Ill. 503; Carter v. Carter, 62 Ill. 439.

To authorize a decree for separate maintenance, other than for causes of divorce, actual personal violence or a reasonable danger of it, must be proven: 1 Bishop on Marriage and Divorce, § 570; 2 Kent's Com. § 126; Wahle v. Wahle, 71 Ill. 510.

In cases of separation the father has the legal right to the custody of the minor child: Miner v. Miner, 11 Ill. 43; The People v. Mercien, 3 Hill, 399; The People v. Humphrey, 24 Barb. 521.

Mr. FRANCIS LACKNER, for appellee, cited 1 Parsons on Contracts, 352; 4 Fisher's Dig. 6,034; Evans v. Fisher, 5 Gilm. 569; Rea v. Durkee, 25 Ill. 503.

PER CURIAM. This was a bill brought in the Superior Court of Cook County, by appellee, as the wife, against appellant, as husband, under the provisions of the statute, for separate maintenance. The statute, approved May 17, 1877, provides: That married women who, without their fault, now live or

hereafter may live, separate and apart from their husbands, may have their remedy in equity in their own names, respectively, against their said husbands, for a reasonable support and maintenance, while they so live, or have so lived, separate and apart; and in determining the amount to be allowed, the court shall have reference to the condition of the parties in life, and the circumstances of the respective cases; and the court may grant allowance to enable the wife to prosecute her suit, as in cases of divorce.

The defendant below filed his answer denying all the material allegations of the bill in support of the main ground, that the complainant was living separate and apart from him, without her fault, and setting up facts in support of the general averment, that it was wholly by reason of her own fault that she was so living separate and apart from him. He also filed a cross-bill, alleging his wife's voluntary desertion of him and her abduction of his little son, praying that the child might be restored to his custody. Complainant filed a replication to defendant's answer, and an answer to defendant's cross bill. The case was heard upon pleadings and proofs, and a decree passed, finding that the material allegations of complainant's bill were true; that without her fault she was living separate and apart from her said husband; that she has the care and custody of two children, aged respectively 35 months and five months, and that she is entitled to reasonable support and maintenance, while so living separate and apart; which is fixed at sixty dollars a month, to commence September 28, 1880; and dismissing defendant's cross-bill. The court decreed that defendant pay to complainant for her support and maintenance, while she lived, or shall live, separate and apart from defendant, the sum of sixty dollars per month, commencing September 28, 1880, and costs of suit to be taxed. From that decree defendant appealed to this court, and amongst others, assigns for error that the court admitted incompetent and improper evidence, and that the decree is unsupported by by the weight of the evidence.

The record comprising the testimony is very voluminous; so much so, that a statement and discussion of it in an opinion

Umlauf v Umlauf.

is wholly impracticable. Feeling that an attempt to state and discuss such a mass of testimony would impose upon us a very burdensome, and at the same time a useless task, we must content ourselves with a bare statement of conclusions. After a careful consideration of all the testimony which was competent and proper, and excluding all such as was incompetent, such as the declarations of third persons made in the absence of the defendant, we are of the opinion that the complainant failed to establish, by a preponderance of the evidence, the indispensable ground of the relief prayed, viz.: that she was living separate and apart from her husband, *without her fault*. It seems to us, from the whole case, that the defendant was rather more sinned against than sinning.

The evidence, in our opinion, very clearly shows that complainant, at a very early stage of the domestic infelicity of these parties, conceived and afterwards acted, in pursuance of a scheme on her part, to make out a case for either a divorce and separate maintenance, or the latter without a divorce, if that could not be compassed. She had the records of the county searched, to find out the extent and situation of his real estate. She employed detectives to watch all his movements. She kept a domestic in the family, between whom and herself there was a close alliance in her hostilities against her husband. She made groundless charges against him as respected his fidelity to his marriage vows. She came upon the stand as a witness, and testified in a positive manner to having seen her husband, upon a specified day, at Norwood Park, riding with a certain lady with whom she professed to believe her husband was criminally intimate, stating circumstances, to show that she could not be mistaken as to the identity of either of them. By several disinterested witnesses the defendant proved this entire matter to be false and groundless. Her testimony in regard to that alleged Norwood Park affair, as well as several others testified to by her, we cannot but regard as willfully and knowingly false.

The familiar maxim of *falsus in uno, falsus in omnibus*, should be here applied. Such being her position as a witness, we find her contradicted by her husband, or by him and his

daughter and other disinterested witnesses, upon every material point in the case; and where she is corroborated, it is as to vital facts, only by said domestic, whose testimony should be regarded with great suspicion and scrutiny. We feel constrained by the impression made upon us from the whole evidence, to reverse the decree of the court below and dismiss complainant's bill of complaint, and it is accordingly done.

Decree reversed.