Rawson v. Rawson.

STEPHEN W. RAWSON

v.

MECKIE L. RAWSON.

*Divorce—Separate Maintenance—Solicitors' Fees—Alimony.*

1. Where a wife brings suit against her husband, for either a divorce or separate maintenance, her application for means to enable her to prosecute her suit or for temporary alimony will be denied, when it appears that she

is possessed of sufficient property in her own right to render such allowance unnecessary.

2. To authorize the making of such an order upon the husband, she must show that she has probable cause for her suit.

3. Adultery on the part of the wife discharges her husband from all obligation to support her.

4. Upon a bill brought by a wife for separate maintenance, this court reverses an order for the payment, by defendant, of a sum named to complainant's solicitors, and holds that the court erred in excluding depositions alleging adultery upon the part of complainant, and that the amount awarded was excessive, if it had been a proper case for an allowance.

[Opinion filed May 31, 1888.]

. APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

This was a bill brought in the Superior Court September 29, 1886, by appellee, as the wife, against appellant, as the husband, under the provisions of the statute for separate maintenance, setting forth that she was married to the appellant March 1, 1886; that she lived with him until June 23, same year, when he left her, and has not lived with her since; and averring that she was living separate and apart from her said husband without her fault. She asked for a decree of separate maintenance. She also filed a supplemental bill for an injunction. November 13, 1886, appellant filed answer to both the original and supplemental bills, in which he denied, under oath, all the material facts, except that of the marriage, and especially the allegation that she was living separate and apart from him without her fault, averring facts and circumstances showing that it was wholly on account of her own misconduct. November 24, 1886, she filed her petition for solicitors' fees and suit money, to which the defendant filed an answer, which, among other things, averred that she had sufficient means of her own to defray the expenses of the litigation, and the want of probable cause for a suit for separate maintenance. Upon the issues thus made a great mass of testimony was taken, and on the hearing the defendant offered in evidence the depositions, regularly taken upon notice, of Brown, Sevy, Loomis and Kelly, for the purpose of proving

that on the night of May 16, 1886, the complainant committed adultery in a sleeping car going from Chicago to St. Louis, but the court excluded the evidence, on the ground of irrelevancy; and February 17, 1887, upon such hearing, the court made an order that the defendant pay complainant's solicitors the sum of $1,000 on account of solicitors' fees in this case. From that order this appeal is prosecuted.

Messrs. W. C. GOUDY and H. C. WHITNEY, for appellant.

Messrs. LEONARD SWETT and J. B. PAINE, for appellee.

McALLISTER, J. We regard the law as well settled that, when the wife brings suit against her husband for either a divorce or separate maintenance, and applies to the court for an allowance out of her husband's means to enable her to prosecute the suit, or for temporary alimony, and it is made to appear that she has sufficient separate property for the purpose, the application should be denied. 2 Bishop on Mar. and Div., Sec. 394, and cases in note 1; Schouler on Husband and Wife, Sec. 554; Kenemer v. Kenemer, 26 Ind. 330; Maxwell v. Maxwell, 28 Hun, 566.

In Collins v. Collins, 80 N. Y. 12, the court says: "The fact that the wife is destitute of means to carry on her suit and support herself during its pendency, is as essential as any other fact to authorize the court to award temporary alimony. This is not a mere matter of discretion, but a settled principle of equity."

In the case at bar that essential fact was not only shown, but the case shows, by a decided preponderance of evidence, that the complainant was the owner of separate property amply sufficient to carry on her suit and support herself and child by a former husband, especially if she were willing to live in a reasonably modest and economical way, instead of boarding at a first class Chicago hotel and paying $50 a week for her board.

It is equally well settled that, in order to authorize the court to make such order upon the husband to pay his wife's solicitor's fee, or provide her with temporary alimony, she

must show that she has probable cause for her suit. Jenkins v. Jenkins, 91 Ill. 167. There the rules were tersely stated in these words: "Where a bill is pending for divorce, and the wife *is without means* to prosecute her suit, and it appears to the court that the complainant *has a probable ground for divorce*, it has always been regarded proper for the court to enter an order requiring the defendant to pay solicitors' fees."

The requirement of showing a probable ground is dictated by considerations of public policy for the preservation of the marital and family relations from rupture or disturbance by ill-founded suits, brought by the wife against the husband. Wheeler v. Wheeler, 18 Ill. App. 330. Hence the rule of practice has become established to the effect that if the complainant fail to show a probable ground for the relief prayed, or it appear that she can not succeed in the case, the application must be denied. Jones v. Jones, 2 Barb. Ch. 146; Worden v. Worden, 2 Edw. Ch. 408; Hollerman v. Hollerman, 1 Barb. Sup. Ct. 64; Bissel v. Bissel, Id. 430; Koch v. Koch, 42 Barb. 515; Carpenter v. Carpenter, 19 How. Pr. 539. The gist of her complaint was that she was living separate and apart from her husband without her fault. Umlauf v. Umlauf, 117 Ill. 580; Same v. same, 9 Ill. App. 517.

It was essential to the authority of the court to make the order appealed from, that she show a probable case in that respect. We have attentively read and duly considered all the evidence in the record pertinent to that point; and, without stopping to discuss the evidence, we may say that we are brought to the conclusion that she not only failed to show a probable cause to the effect that the separation was without fault on her part, but the clear weight and preponderance of the evidence was that such separation and its continuance were due to her own gross misconduct, through which the peace and comfort of defendant's home were not only destroyed, but he was made to suffer from a reasonable, well grounded apprehension of great bodily harm.

In order to make it more certain that the complainant had no meritorious case, the defendant offered to read in evidence and have the court consider the depositions of four disinter-

ested witnesses, for the purpose of showing that on the night of May 16, 1886, the complainant, while riding in a sleeping car from Chicago to St. Louis, occupied, during a considerable portion of the night, a berth therein inclosed with curtains, with a man between thirty and forty years of age, and who was not the defendant; that from such fact and the attending circumstances the inference was fully authorized that she then and there committed adultery.    Bast v. Bast, 82 Ill. 584. But the court rejected such offer and excluded the evidence. The depositions, however, are incorporated into the certificate of evidence, and were thus made a part of the record.    We have read them.    If the witnesses were not perjured (and there is nothing to impeach them) their testimony proves facts, as above stated, from which the inference of adultery on the part of complainant is fully warranted, and there is no pretense of condonation.

The law is well settled in England and in this country, that adultery on the part of the wife, operates as a discharge of the husband from all obligations to support her.    Govier v. Hancock, 6 Term R. 603;  King v. Flintan, 1 Barnw. & Ad. 227;  Cooper v. Lloyd, 6 C. B. N. S. 519.   In Hope v. Hope, 1 Swab. & Trist. 107, the court said that a party guilty of a breach of the marriage vow should not have the assistance of the court to enforce any marital right.    Proctor v. Proctor, 2 Hagg. 292;  Clapp v. Clapp, 97 Mass. 513;  Bast v. Bast, *supra.*

The court permitted the complainant, while testifying on her own behalf, to deny the charge of adultery in question, but her unsupported denial is not sufficient to counteract the testimony of said several witnesses, much less is it sufficient to justify the refusal to hear it.

It appears that the complainant had employed five solicitors and counsel, several of whom were high-priced lawyers; that on the hearing these lawyers were all permitted to present their respective bills as claims against the defendant, and they were large bills; one was a charge of $1,500 for certain services performed before the suit was brought; was mainly for services of a literary character, and consisted

of the devising, concocting and drafting of letters, to be copied by the wife and sent to her husband as emanating from her, and inspired by affection, for the purpose as was avowed of drawing him into such expression, or line of conduct, as would be most disadvantageous to him and beneficial to her. Several such letters were prepared and sent. That may have been good, professional strategy; but the claim that the husband, whom it was sought to inveigh to his ruin, thereby should pay for the expense of it, is supported by neither good law nor good morals.

If the essentials of destitution of separate property on the part of the wife, and a probable cause for the suit had been made out, even then, the allowance for so many solicitors would have been far from the exercise of sound legal discretion. Williams v. Williams, 29 Wis. 517; Burgess v. Burgess, 1 Duval, 288; Duggan v. Duggan, 1 Duval, 289; Suggate v. Suggate, 1 Swab. & Trist. 497.

The order appealed from was unauthorized, because of complainant having sufficient separate property, and for the want of a probable ground for the suit. It was error to exclude the depositions offered, and the amount awarded was clearly excessive if it had been a proper case for an allowance. It will be reversed and cause remanded.

*Order reversed.*