# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1890.

## GEORGE F. HARDING

v.

## ADELAIDE M. HARDING.

*Divorce—Separate Maintenance—Alimony and Solicitors' Fees—Probable Cause.*

1. The application by a wife pending a suit for divorce or separate maintenance for an allowance for temporary alimony and solicitors' fees should not be granted where it is shown that she possesses in her own right sufficient means for her support and to defray such fees.

2. Such application should likewise be denied upon failure to show probable cause for the relief prayed, or if it appears that she can not succeed in her case.

[Opinion filed February 10, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. WILLIAM AMMEN, for appellant.

When the wife has sufficient separate property, the reason for giving her alimony or suit money does not exist, and she is not entitled to either. Westerfield v. Westerfield, 36 N. J. Eq. 195; S. C., 15 Rep. 352. Therefore, in fixing the amount of alimony *pendente lite*, the amount of the wife's

(202)

separate estate is to be considered. Jeter v. Jeter, 36 Ala. 391; Killiam v. Killiam, 25 Ga. 186; Corey v. Corey, 81 Ind. 469. And if she be found to have sufficient separate property or means of her own to provide for her separate maintenance, no alimony, temporary or permanent, will be awarded her. D'Aguilar v. D'Aguilar, 1 Hagg. Ecc. 773; Belcher v. Belcher, 1 Curt. Ecc. 444, 446; Bremmer v. Bremmer, 3 Sw. & Tr. 249; Powell v. Powell, L. R., 3 P. & D. 55, 56, 186, 192; Eaton v. Eaton, L. R., 2 P. & D. 51, 52; George v. George, L. R., 1 P. & D. 554, 555; Turner v. Turner, 44 Ala. 437, 451, 452; Pinckard v. Pinckard, 22 Ga. 31, 32; Stillman v. Stillman, 99 Ill. 196, 202, 204; Morse v. Morse, 25 Ind. 156, 163; Kenemer v. Kenemer, 26 Id. 330, 332; Logan v. Logan, 2 B. Mon. 142, 149; Gaines v. Gaines, 9 Id. 295, 303; Coles v. Coles, Md. Ch. 341, 347; Daiger v. Daiger, Id. 331, 338; Brown v. Brown, 22 Mich. 242, 245; Stevens v. Stevens, 49 Id. 504; Porter v. Porter, 41 Miss. 116, 118; Willing v. Willing, 16 N. J. Eq. 389, 391; Westerfield v. Westerfield, 36 Id. 195; Collins v. Collins, 80 N. Y. 1; S. C., 2 Paige, 9, 10; Maxwell v. Maxwell, 28 Hun, 566; Hoffman v. Hoffman, 7 Robt. 474; Miller v. Miller, 75 N. C. 70; Converse v. Converse, 9 Rich. Eq. 425; Lishey v. Lishey, 2 Tenn. Ch. 1; Coad v. Coad, 40 Wis. 392, 393.

" A reference to a master to ascertain the resources of the wife in order that the court, in granting temporary alimony, may be informed in this regard, is proper." Maxwell v. Maxwell, 28 Hun, 566. In Ross v. Ross, 47 Mich. 185, it is held that temporary alimony is not granted unless it appears by the bill or petition that the wife has no separate property of her own, and that the husband has property.

Messrs. Stiles & Lewis, for appellee.

Gary, J. For more than a third of a century these parties have been husband and wife; have raised a family of children, the youngest of whom will soon be a woman grown, and are grandparents.

On the third day of February, 1890, the appellee left the house of the appellant, and on the same day filed this bill for

separate maintenance. On the third day of June, 1890, she filed a petition for temporary alimony, etc., upon which petition, on the first day of July following, the court awarded to her for her (with two daughters) then past support, and for solicitors' fees and other expenses of suit, $2,300, to be paid partly within ten days, and partly within thirty days, and $480 per month for such support from the said first day of July; $180 of the latter sum, however, being contingent upon future order of the court as to the girls. And the payment of all the several sums being contingent also upon her joining with him in necessary conveyances of his real property. From that order this appeal is prosecuted.

From the evidence, if the court had found that the estate of the appellant was of the value of $1,000,000, such finding would probably have been conclusive.

She had in money and in interest or dividend bearing securities, which would seem to be readily convertible into money without sacrifice, over $15,000; real estate non-productive, but probably salable at $7,500, and $10,000 of other stock, the value of which is uncertain.

In this one feature of the pecuniary condition of the parties—and upon no other will any comparison be made—this case can not be distinguished with advantage to the appellee, from the separate maintenance case of Rawson v. Rawson, 37 Ill. App. 491. In no better way can the reasons for reversing this order be given, than by copying from the opinion of Judge McAllister therein, so much as relates to the law of the case, as follows:

McAllister, J. "We regard the law as well settled, that when the wife brings suit against her husband, for either a divorce or separate maintenance, and applies to the court for an allowance out of her husband's means to enable her to prosecute her suit, or for temporary alimony, and it is made to appear that she has sufficient separate property for the purpose, the application should be denied. 2 Bishop on Marriage and Divorce, Sec. 394, and cases in note; Schouler on Husband and Wife, Sec. 554; Konemer v. Konemer, 26 Ind. 330; Maxwell v. Maxwell, 28 Hun, 566.

In Collins v. Collins, 80 N. Y. 12, the court says:    " The fact that the wife is destitute of means to carry on her suit and support herself during its pendency, is as essential as any other fact to authorize the court to award temporary alimony. This is not a mere matter of discretion, but a settled principle of equity."

In the case at bar, that essential fact was not only not shown, but the case shows by a decided preponderance of evidence that the complainant was the owner of separate property amply sufficient to carry on her suit and support herself and child by a former husband, especially if she were willing to live in a reasonably modest and economical way, instead of boarding at a first class Chicago hotel, and paying $50 a week for her board.

It is equally well settled, that, in order to authorize the court to make such order upon the husband to pay his wife's solicitors, or provide her with temporary alimony, she must show that she has probable cause for her suit.    Jenkins v. Jenkins, 91 Ill. 167.

There the rule was tersely stated in these words:    "Where a bill is pending for divorce, and the wife *is without means* to prosecute her suit, and it appears to the court that the complainant has *a probable ground for divorce*, it has always been regarded proper for the court to enter an order requiring the defendant to pay solicitors' fees."

The requirement of showing a probable ground is dictated by considerations of public policy for the preservation of the marital and family relations from rupture or disturbance by ill-founded suits brought by the wife against her husband. Wheeler v. Wheeler, 18 Ill. App. 330.    Hence the rule of practice has become established-to the effect that, if the complainant fail to show a probable ground for the relief prayed, or it appear that she can not succeed in her case, the application must be denied.    Jones v. Jones, 2 Barb. Ch. 146; Worden v. Worden, 2 Edw. Ch. 408; Hollerman v. Hollerman, 1 Barb. Sup. Ct. 64; Bissel v. Bissel, Id. 430; Koch v. Koch, 42 Barb. 515; Carpenter v. Carpenter, 19 How. Pr. 559.    For this court, whatever conflict there may be in the

cases elsewhere, the opinion quoted settles the law. If it is wrongly settled, this case may give the Supreme Court the opportunity to set it right.

The appellant here, without ·citing the Rawson case, has, from other authority, forcibly urged the principles there laid down as reasons for the reversal of this order. It is not necessary to consider how far the second of those principles is applicable to the present case. If not applicable, perhaps all objection could be removed by amendments or further evidence. But the objection that she has the means of support, and with which to prosecute her suit, can not be so overcome.

The order must, therefore, be reversed, and the cause remanded with directions to the Circuit Court to dismiss the petition of the appellee on which the order is based.

*Reversed and remanded.*