## Alexander Marney v. Annette Marney.

1. Master in Chancery—*Findings Conclusive.*—In a matter submitted to a master in chancery, where the testimony is conflicting, the finding of the master is to be taken as true.

Memorandum.—Suit for separate maintenance.   Appeal from the Circuit Court of Cook County; the Hon. Edward P. Vail, Judge, presiding. Heard in this court at the March term, 1893, and affirmed.   Opinion filed July 6, 1893.

The statement of facts is contained in the opinion of the court.

Stirlen & King, attorneys for appellant.

Millard & Boyesen, attorneys for appellee.

Opinion of the Court, Gary, P. J.

In these cases it appears that the appellant, who is yet probably only about thirty years of age, was married about eight years since to the appellee, who was then the mother of several children by a former marriage, the youngest of whom is now about fifteen years of age, and two or more of whom are married.   The appellee conveyed to the appellant a house and lot; in the lower story he conducted a mercantile business, and in the upper story the family, consisting of the appellant, the appellee and some of her children, lived.

About the first day of February, 1892, he took his trunk away, and ceased to go upstairs.

She then filed her bill for a separate maintenance.   Each throws the blame, that they do not live together, upon the other, and swears to it.   He has paid her $5 per week for her support, besides supplying dry goods and medical attendance, probably something over $120 more; and leaving her a very considerable supply of wood for fuel, we infer; enough he says, to last her ten years.

On the 16th day of May, 1892, the court ordered him to pay her $50 for solicitor fees, and an appeal being taken from that order, which is the first of these appeals, on the 26th day of the same month, ordered him to pay $50 more for the same purpose. From that order is the second of these appeals. A reference was made to a master as to an allowance of temporary alimony for her support, who reported that the income of the appellant was $4,500 per annum.

In such an ill-assorted match, peace could not reasonably be expected to be permanent, and who may be most in fault can not, with any certainty, from the testimony of witnesses nearly connected by blood or business with the parties litigant, be ascertained; and considering that the subject-matter is a matrimonial quarrel, in regard to which no exaggeration is generally too gross for use, the truth really lies at the bottom of a very deep well of very muddy water.

The appellant figures up that he must run behind something over $800 per annum, though he arrives at a contrary conclusion of the same sum.

On the conflicting testimony, however, the finding of the master as to his income, is to be taken as true.

Then comes in the doctrine of Harding v. Harding, 144 Ill. 588, 32 N. E. R. 206, on appeal from the decision of this court, reported in 40 Ill. App. 202, that if the wife is prosecuting her suit in good faith, she must be furnished with means to employ counsel, and pay other expenses of her suit, and with support for herself in the meantime, and that the amount to be awarded her, is within that uncertain arbitrament called judicial discretion.

That she should have one-fifth of the income of both, seems to be regarded as not unfair. Here she alleges, and swears to the allegation, that she is living apart from him without her fault, and the one undisputed, and therefore certain fact in the case is, that he left her.

The court ordered that he pay her $10 per week temporary alimony. From that order is the third of these appeals.

Upon the whole case we can not disturb the decisions of the Circuit Court, and they are affirmed.