## William F. Lenning v. Addie Lenning.

1. DIVORCE—*Physical Violence as Cruelty.*—Whether two or more acts of physical violence to a person is cruelty, depends on the character of the violence, the manner of the person committing it, and all the circumstances attending such acts, as well as on many other matters which might have a bearing in determining whether the particular violence is cruelty or not.

2. SAME—ADULTERY—*Where Both Parties are Guilty no Divorce Will be Granted.*—One shown to be guilty of adultery can not have a divorce for adultery committed by the other and if adultery by the complainant in a cross-bill, be set up in an answer to such cross-bill, proof to sustain such charge is admissible on the hearing although a charge of adultery made in the original bill has been withdrawn.

3. SAME—*Trial by Jury—Effect of Verdict.*—When a divorce case is tried by a jury, the trial has all the incidents of a trial at common law, and the verdict is not merely advisory to the court, but has the force and effect of a verdict at common law.

4. SAME—*Adultery and Cruelty—A Verdict in Regard to Sustained.*— The court discusses the evidence in relation to adultery and cruelty and concludes that it justifies the whole verdict of the jury and that the court did not err in dismissing both the original and cross-bills.

5. TRIALS—*An Instruction Calling for Proof by a Clear Preponderance of the Evidence in a Civil Case Erroneous.*—It is improper to instruct a jury that a charge of adultery must be established by a clear preponderance of the evidence, as only a preponderance of the evidence is required.

Lenning v. Lenning.

**Divorce.** Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 17, 1898.

A. A. THOMAS, WM. J. AMMEN, attorneys for plaintiff in error.

JOHN C. WILSON and WILLIAM H. SLACK, attorneys for defendant in error.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Defendant in error on March 26, 1897, filed her sworn bill against plaintiff in error in the Circuit Court, charging him with cruelty generally since their· marriage, without alleging any specific time or place, also with habitual drunkenness for two years last past, and adultery at divers times and places since the marriage with divers lewd women, but fixed no specific time, place or person with whom the adultery was committed, and asking a divorce from plaintiff in error. Plaintiff in error answered, denying the cruelty, drunkenness and adultery, and alleges that all said charges were known to be false by defendant in error, and that they were made by her to compel him to let her alone in her adulterous life, and to allow her to retain certain property described in her bill, and that she knew before her bill was filed, that he was preparing to file such a bill against her. The answer also contains a demurrer to that portion of the bill charging him with cruelty and adultery, the cause of demurrer assigned being that there was not sufficient averment of time and place as to these charges.

The cause was transferred to the Superior Court by agreement, and on June 5, 1897, plaintiff in error filed his cross-bill, alleging that on December 6, 1897, he discovered the unchastity of defendant in error, charged

her with adultery with one Frank Marvin, also with
one ——— Johnson, and other men, alleging times and
places as to the adultery with Marvin, and asking a
divorce from her. She answered, denying all the charges
of adultery against her, and later, by leave of court,
filed an amended bill and an amended answer to the
cross-bill. The amended bill, which is sworn to by her,
charges plaintiff in error with striking her and violently
and angrily pushing and forcing her through a window,
etc., calling her vile names, and falsely charging her
with being unchaste and lewd, on December 1, 1896,
and on many occasions immediately preceding and fol-
lowing said date; also that he had committed adultery
on occasions before and after December 1, 1896, with
a woman named "Anna," her other name and identity
being unknown to defendant in error.

The answer to the original bill was ordered to stand
to the amended bill. The amended answer to the
cross-bill alleges that plaintiff in error "has for a con-
siderable time past given himself over to adulterous
practices; that at divers times and places since said
marriage, the cross-complainant committed adultery
with various lewd women, whose names are to this
defendant unknown."

Replications to the respective answers were filed,
and the cause tried before the court and a jury, which
was called on motion of defendant in error. Three
issues of fact were submitted to the jury, viz.:

"(1) Has the defendant, William F. Lenning, since
his marriage to the complainant been guilty of extreme
and repeated cruelty to said complainant, as charged
in the amended bill?

"(2) Has the said defendant, William F. Lenning,
since his marriage to complainant, Addie Lenning,
been guilty of adultery as charged in the amended
bill?

"(3) Did said Addie Lenning commit adultery as charged in said cross-bill?"

At the commencement of the trial, after the jury was sworn to try the issues, counsel stated, in behalf of defendant in error, that he withdrew the issue of *adultery as charged in the amended bill*, and the trial was had on the first and third issues submitted. The verdict was that plaintiff in error was not guilty of cruelty, and that defendant in error was not guilty of adultery. Both parties moved for a new trial, their motions were overruled, and the court dismissed both the bill and cross-bill for want of equity.

Plaintiff in error contends that the court erred in admitting in evidence a certain writing, exhibit A.; that the verdict on the issue of adultery of his wife is against the clear weight of the evidence; that the court erred in admitting any evidence on the charges of cruelty, and also erred in giving and refusing certain instructions.

Defendant in error, under cross errors assigned, contends that her first instruction, which was refused, should have been given. This instruction is, viz.:

1. "The court instructs the jury that if they believe from the evidence that the defendant, William F. Lenning, has been guilty of two or more acts of physical violence to the person of the complainant, Addie Lenning, he is guilty of extreme and repeated cruelty as charged in the complainants amended bill; and in considering such acts of violence, if any have appeared from the evidence, they may properly consider any abusive or indecent language used by the defendant, William F. Lenning, to or in the presence of complainant as tending to characterize such acts of violence; if you further find from the evidence that any such abusive or indecent language was used."

It is elementary that the court should not assume the

province of the jury, and tell it that physical violence is necessarily cruelty, as is done in this instruction. Whether two or more acts of physical violence to a person is cruelty, depends on the character of the violence, the manner of the person committing it, and all the circumstances attending such acts, as well as many other matters which could be enumerated that might have a bearing in determining whether the particular violence is cruelty or not.

The writing, exhibit A., which the court admitted in evidence, is too vile and obscene to be copied. In substance it is a statement that plaintiff in error had been guilty of adultery with one or more women. Three witnesses testified that the handwriting was that of plaintiff in error, and he did not deny it, except as to the date, December 29, 1896, 5 P. M., and the address, "Dear Mary." The writing is not signed by him. It does not appear that the writing was ever seen by the defendant in error until about six weeks after she had left home, and then it was found by a friend, who went with her to aid her in getting some of her goods from the house occupied by plaintiff in error, their former home, and during his absence. He had previously changed the locks on the house, and it does not appear how she gained admission, though presumably through a window.

It is contended that the admission of this writing was error, because it did not tend to prove any issue submitted to the jury, and was calculated to seriously prejudice plaintiff in error. Strictly speaking, this is true. Certainly it was not admissible to prove cruelty, as it was not given to her, nor, so far as the evidence shows, was it intended by Lenning that it should be seen by his wife.

But the amended answer to the cross-bill alleged that Lenning "had for a considerable time past given him-

self over to adulterous practices; that at divers times and places since said marriage, the cross-complainant committed adultery with various lewd women, whose names are to this defendant unknown." This allegation was not withdrawn by Mrs. Lenning, and if true, was a complete defense to the cross-bill. The writing was competent and material proof on this defense. Mr. Bishop in his work on Marriage and Divorce (Vol. 2), Sec. 330, says: "By all opinions, English and American, one shown to be guilty of adultery can not have a divorce for adultery committed by the other. And it makes no difference which was the earlier offense, or even that the plaintiff's followed a separation which took place on discovery of the defendant's." The text is sustained by authority. Smith v. Smith, 4 Paige, 432; Bast v. Bast, 82 Ill. 584.

The real issue was whether Lenning was entitled to a divorce from his wife on the charge of adultery, and the court might very properly have instructed the jury, in view of this writing, that if they believed from the evidence he was guilty of adultery, then their verdict as to her should be not guilty; that is to say, though she might be guilty of adultery, if he was also guilty of the same offense, that fact was a complete answer to the charge against her, and a bar to his suit. The Revised Statutes, Ch. 40, Sec. 7, provide that "either party shall have the right to have the cause tried by a jury." When the case is tried by a jury, the trial has all the incidents of a trial at common law, and the verdict is not merely advisory to the court, but has the force and effect of a verdict at common law. Razor v. Razor, 42 Ill. App. 507.

The whole issue made by the cross-bill and answer to it was tried by the jury, and this writing being material on the recriminating defense of adultery by

Lenning made by the answer, was properly admitted in evidence.

The court gave, at request of defendant in error an instruction, viz.:

"The court instructs the jury that the act of adultery can not be presumed, but must be alleged and *clearly established by a preponderance of all the evidence;* and in this case, if you believe the facts and circumstances relied upon to prove the complainant, Addie Lenning, to have been guilty of adultery, are as well consistent with her innocence as with her guilt, then it is your duty to find her not guilty of adultery."

This we think was error, in that it tells the jury that adultery must be clearly established by a preponderance of all the evidence, and is in conflict with instruction No. 1 given for plaintiff in error, in which the jury was told it was not necessary to prove the charge of adultery or cruelty beyond a reasonable doubt, but that it was sufficient in either case, if the jury believe that such charges respectively were proven by the *preponderance* of the evidence. The latter instruction states the law correctly. Crabtree v. Reed, 50 Ill. 206; McDeed v. McDeed, 67 Ill. 546.

In these cases it was held that instructions which required a plaintiff to make out his case by a *clear preponderance* of the evidence, were erroneous. The language of the fourteenth instruction is "clearly established by a preponderance of all the evidence," and means the same as *clear preponderance* of the evidence.

We do not think this reversible error, however, in this case. If the jury had found Mrs. Lenning guilty of adultery, we think the court should have set aside the verdict, because the writing, exhibit A., is a plain statement, in his own handwriting, that defendant was guilty of adultery. He was examined about it, and tes-

Offutt v. Columbian Exposition.

tified that certain words in the writing were not in his handwriting, but was not asked whether the statements in the writing were true or not.   We must assume that they were true when he failed to deny them, though called to the stand three times after this writing was admitted in evidence.

We have carefully examined the whole evidence, and are of opinion that it justifies the whole verdict of the jury, and think that on the evidence the court did not err in dismissing both the bill and cross-bill. The contention that the court erred in admitting any evidence of Lenning's cruelty is not tenable, because he is found not guilty of cruelty, and besides it was admissible under the allegations of the amended bill. We can not see, from a thorough examination of the whole case, that he was in any way prejudiced by that evidence.

From a particular examination of all the other instructions given, refused and modified, of which complaint has been made, we find no reversible error in any of them, and the decree of the Superior Court is therefore affirmed.

Mr. Justice SEARS took no part in this decision.