LAMBERT, Appellant, v. LAMBERT, Respondent.

St. Louis Court of Appeals, December 13, 1904.

1. **DIVORCE: Alimony: Suit Money.** Where the wife, defendant
in a divorce suit, has in her own right abundant resources and
an independent income sufficient to support her comfortably
and to defray the expenses incident to the suit, her application
for temporary alimony should be overruled.

2. **PRACTICE: Bill of Exceptions: Record.** Where a bill of ex-
ceptions does not specify the precise date on which a motion
for new trial was filed, this will not prevent a consideration
of the evidence, where the omission is supplied by the record
proper and a general recital of a filing of the motion is suffi-
cient.

Appeal from St. Louis City Circuit Court.—*Hon.
O'Neill Ryan*, Judge.

REVERSED AND REMANDED.

*Frederick A. Wind* for appellant.

(1) Upon the admission of defendant that she
owned $15,000 unencumbered real estate, held $22,500
in deeds of trust, exclusive of her one-half interest in
$15,000 deed of trust pledged to secure loan of $6,000
and held $6,000 in school and street railway bonds,
bearing 6 per cent interest, she is shown to have ample
means to live and conduct her defense. She is there-
fore not entitled to suit money for maintenance from
her husband, *pendente lite*. Penningroth v. Penning-
roth, 71 Mo. App. 438; Collins v. Collins, 80 N. Y. 1;
Rawson v. Rawson, 37 Ill. App. 491; Porter v. Porter,
41 Miss. 116; Westerfield v. Westerfield, 36 N. J. Eq.
195. (2) If it were proper to make any allowance the
allowance made was excessive. Marx v. Marx, 80 Mo.
App. 455; Parker v. Parker, 71 Miss. 166.

*Carl Otto* for respondent.

REYBURN, J.—In this, a divorce proceeding by the husband against the wife, wherein the latter by cross-bill asked counter relief, and before the issues had been joined and the case prepared for trial of the merits, the court heard defendant's motion for suit money and maintenance *pendente lite* and allowed $500 for counsel fees and $75 for her support. The testimony was confused, but from defendant's reluctant admissions, and her pass book with the bank with which she kept an account, it is sufficiently established that she was owner of considerable separate estate, consisting of a dwelling, her place of residence, worth $7,500, and other improved realty in the city of St. Louis, producing about $700 gross income annually; that she was holder of $22,500 of notes secured by deeds of trust, also of $6,000 in bonds, producing an income of six per cent per annum, all the foregoing realty and personalty being unencumbered, and that she was also interested to extent of one-half in a mortgage indebtedness of $15,-000 which, however, was hypothecated to secure a loan of $6,000. Originally at common law allowances *pendente lite* were made in favor of the wife in divorce proceedings on the ground, that as the husband acquired by virtue of his marital rights, complete control over the property owned by the wife at the time of marriage or acquired by her during coverture, unless the court required the husband to furnish her with the means of prosecuting her own action or defend against an action brought by him in such proceedings, she would be defenceless and destitute. But as the law respecting the dominion and interest of the husband in the wife's property and her control of her own estate became modified and, indeed, revolutionized, the reason for the common law rule no longer continued, and the absolute right of the wife to an allowance *pendente lite* in

advance of trial ceased, and the ancient rule has been relaxed and abandoned in this and other jurisdictions, and the modern principle substituted, that the facts that the wife was without means of protection and unable to properly appear in an action and maintain herself during its pendency, were essential to authorize the court to award temporary alimony, and when it is made to appear that the wife has adequate property in her own right, independent of her husband to suitably provide for her own support and the prosecution or defense of the divorce action, such burdens should not be cast upon the husband. This doctrine, that the wife is not now of absolute right entitled to temporary alimony, independent of the consideration that she has abundant and sufficient property of her own, is just and consonant with sound reason and has been decisively passed upon by this court. Penningroth v. Penningroth, 71 Mo. App. 438; see also 2 Bishop, Marriage and Divorce, sec. 831, 930; Collins v. Collins, 80 N. Y. 12; Rawson v. Rawson, 37 Ill. App. 491; Porter v. Porter, 41 Miss. 116; Westerfield v. Westerfield, 36 N. J. Eq. 195. It is manifest that the defendant has in her own right abundant resources and an independent income therefrom ample to afford comfortable support and to enable her to defray the legal expense incident to the proper assertion of her rights in the proceeding instituted by her husband against her for divorce, and no necessity exists why she should have aid from her husband for such purpose.

The bill of exceptions indicated that within three days after order and judgment on a day in April, 1904, not specified, plaintiff filed motion for a new trial, and concluding the bill set forth as its date the twelfth day of May, 1904; the complete transcript before this court shows that the order awarding alimony was made on the fifth of April, 1904, the motion for new trial filed on the sixth of April, 1904, and the bill of exceptions was presented, signed and filed on the twelfth of May,

1904. This court will take judicial cognizance of the return terms of the circuit court of the city of St. Louis, and that the record thus inferentially, but sufficiently, disclosed that the motion for new trial, which was overruled April 30, 1904, the filing of the bill of exceptions and the appeal on the same date were proceedings transpiring at the April term of court. Although the bill of exceptions does not specify the precise date on which the motion for new trial was filed, this omission is supplied by the record and the general recital was sufficient. Young v. Dawney, 150 Mo. 317, 51 S. W. 751; Duff v. Neilson, 90 Mo. 93, 2 S. W. 222.

The judgment is reversed and the cause remanded with direction to deny and overrule the application. All concur.