## STARK, Appellant, v. STARK, Respondent.

St. Louis Court of Appeals, November 28, 1905.

1. **DIVORCE: Alimony Pendente Lite.** Under the old rule at common law, suit-money was allowed a wife in a proceeding for divorce as a matter of course in order that she might have equal facilities with her husband for presenting her case.

2. ———: ———: **Married Woman's Act.** But, under the statutes of this State and the rule now announced by the courts, temporary alimony will not be allowed the wife in a divorce case if she has sufficient property in her own right to conduct or defend the action and to support herself during its pendency.

3. ———: ———: **Discretion of the Trial Court.** The allowance of temporary alimony to the wife in a divorce suit, and the determination of the question whether she has sufficient property of her own to defray the expenses and support herself, is largely within the discretion of the trial court.

4. ——: ——: ——. Where the evidence showed that the husband had property amounting to about $3,900 and the wife had about $800, and it was shown that her defense to his divorce suit would be expensive, requiring expert testimony on account of an allegation made by him that she had put strychnine in his coffee, an allowance of temporary alimony was proper, but the sum of $225 was in excess of her needs for the purpose, and the amount is reduced to $100.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED *si.*

*Tapley & Fitzgerald* and *G. W. Whitecotton* for respondent.

Respondent maintains that in a divorce proceeding the awarding of temporary alimony and attorney's fees and suit money to the wife, pending the trial, is a matter from necessity and by common law and statute to be left to the sound discretion of the trial court, and in the absence of apparent and gross abuse of that discretion that court's judgment will not be disturbed. R. S. 1889, sec. 2926; State ex rel. v. Seddon, 93 Mo. 520, 6 S. W. 342; Adams v. Adams, 49 Mo. App. 592; Long v. Long, 78 Mo. App. 32.

STATEMENT.—This appeal is from an order of the circuit court of Pike county allowing alimony *pendente lite* in a divorce case. The husband is plaintiff and prays a divorce upon various grounds set out in the petition, which it will serve no good purpose here to notice. The defendant wife employed counsel and filed an answer to the petition, which consisted of a general denial, and a cross-bill, praying a divorce for reasons set out therein, all of which were properly verified by her oath. After the issues were thus made up, the defendant wife filed a motion for alimony *pendente lite,* which motion was supported by her affidavit, to which plaintiff filed his counter affidavit. Thereupon the court took testimony

*ore tenus* on said motion. The defendant wife gave in evidence thereon that she had recently separated from her husband and that, with his knowledge and consent, she had gone to California. While there, she was furnished with a copy of a printed notice to the effect that her husband had commenced this suit against her by process of publication; that she immediately consulted a firm of lawyers at Fresno in that State as to the proper course for her to pursue and was advised to return to Pike county and defend the case; that she thereupon contracted an obligation to pay said attorneys, but she had paid them nothing thereon and did not know their charge; that she returned to Pike county and employed counsel to represent her in said cause, and further, that inasmuch as one of the charges against her contained in the petition is that she attempted to poison her husband by placing strychnine in his coffee, that it would become necessary for her to employ expert evidence in making a proper defense thereto, and some means would be required thereabout. The evidence further shows that she had no children and no one to support other than herself, and she admitted that she then had an estate of $800, consisting of a solvent note for $525 owing to her by her sister and $275 cash on hand. The evidence also shows that plaintiff's husband held title to a farm of one hundred and forty-seven acres in Pike county on which he resided; that the land was of the value of $25 per acre, a total of $3,675.00; that he owned mules, horses, cattle and farm implements of the value of $1,225, his entire estate thus being of the fair value of $4,900; that he owed $1,000, consisting of store bills and notes at the bank, a portion of which was secured to the bank by a chattel mortgage on his stock; that he had one child by a former wife. It thus appears that the plaintiff's estate, less his indebtedness, consisted of about $3,900, while that of his wife consisted of about $800. The evidence all tends to show that both parties are of simple and inexpensive habits. On this state of facts the trial court allowed

the wife alimony *pendente lite* or suit money, amounting to $225, and ordered the husband to pay the same. Plaintiff appeals, contending that inasmuch as the defendant's admissions show her to have and own in her own right, ample means for the immediate purpose of this suit and her personal needs otherwise, the court erred in making such allowance.

NORTONI, J. (after stating the facts).—The general rule in divorce cases is that the wife, whether plaintiff or defendant, is entitled to a reasonable allowance against the husband for the purpose of either prosecuting or defending the suit. The old doctrine in this behalf proceeded upon the theory that the wife was financially helpless inasmuch as whatever property she possessed at the date of her marriage or which came to her during coverture became the property of her husband, and as a correlative of this rule, the husband owed to her the obligation of support and maintenance and also a defense of her common-law rights; therefore she was treated as a favored suitor and the husband was compelled and required to furnish her the necessary means to carry on the suit and support and maintain her during the pendency of the litigation. For were the law otherwise, she would, no doubt in many instances, be denied the privilege of invoking the aid of the law through the process of the courts to redress wrongs suffered and to defend herself against wrongful and unjust charges. Therefore it is said that common justice and the policy of the law alike demand that in any litigation between husband and wife, they shall have equal facilities for presenting their case before the tribunal and this requires that they shall have equal command of funds. [2 Bishop M. & D., 1891, sec. 976; Penningroth v. Penningroth, 71 Mo. App. 438; Lambert v. Lambert, 109 Mo. App. 19, 84 S. W. 203; Marker v. Marker, 11 N. J. Eq. 256; Westerfield v. Westerfield, 36 N. J. Eq., 195; 2 Amer. and Eng. Ency. of Law (2 Ed.), 92.]

For the reasons above stated, under the old law, alimony *pendente lite* was given almost as a matter of course. [Westerfield v. Westerfield, 36 N. J. Eq. 197.] 2 Amer. and Eng. Ency.Law (2 Ed.), at page 100, says: "It was the universal practice of the ecclesiastical courts of England and is now generally the practice in the United States, upon an application by the wife to the court, in a divorce suit, to make an allowance for her support during the pendency of the suit, and for costs and expenses to enable her to properly carry it on, if she is without separate means and the husband is able to support her, whether she be libelant or respondent, without consideration of the merits of the case." And it has been held in this State that in a proper case, the husband is under "obligation to furnish, pending the controversy, out of his estate, in which the wife as such has an interest, not only food and clothing, but the means to protect her rights." [Waters v. Waters, 49 Mo. 387; Adams v. Adams, 49 Mo. App. 599; Daiger v. Daiger, 2 Md. Ch. 337.]

2. The reason of the rule above stated no longer obtains however, in this and many other States. Under the statutes of this State, pertaining to married women, she is declared to be a *feme sole*. She can own property in her own right and sue and be sued in her own name, etc., etc. Property held by her at the time of her marriage and which comes to her during coverture by gift, grant, inheritance, or which may arise from her separate earnings, no longer merges in the estate of her husband, but is declared to be her sole and separate means and she has the right to contract debts, and with a few exceptions, generally can do and perform those things pertaining to the business world as though she were actually a *feme sole*. This being the present state of the law in that behalf, the former reason which was sound and just in its day, underlying the old doctrine on this subject, has passed with time, and the reason of the rule having been removed by the married women's

act in the States generally, the courts have relaxed the strict holdings of the rule of law involved pertaining to alimony *pendente lite* and now apply the more equitable doctrine that such allowances are to be made only upon the necessities of the case. The thought is well expressed in Westerfield v. Westerfield, 36 N. J. Eq. 197, where the court said: "An application for alimony *pendente lite* stands now solely upon the ground of necessity." And again in Marker v. Marker, 11 N. J. Eq. 585, the court said: "When the wife is a suitor in court, the question will be whether she has property independent of her husband, and the court will exercise its discretion in the allowance of alimony and costs, having reference to the respective pecuniary circumstances of the husband and wife." Our statute (sec. 2926, R. S. 1899), clearly recognizes this equitable principle in its provision to the effect that the court shall make the allowance *pendente lite* "in all cases where the same would be just."

It is obvious from what has been said that the right of the wife to alimony *pendente lite* is no longer considered and accepted as a matter of course and treated as one of her absolute rights. The generally accepted doctrine on this question now is, as said by this court: "If she has sufficient property in her own right to conduct or defend the action and to support herself during its pendency, there can be no reason for imposing this burden on her husband." [Penningroth v. Penningroth, 71 Mo. App. 441.] To the same effect is Lambert v. Lambert, 109 Mo. App. 19, 84 S. W. 203, and the same principle is stated in another form in Collins v. Collins, 80 N. Y. 13, where the court said: "The fact that the wife is destitute of means to carry on her suit and to support herself during its pendency is as essential as any other fact, to authorize the court to award temporary alimony. This is not mere matter of discretion, but a settled principle of equity." Mr. Bishop in his admirable treatise on Marriage and Divorce, vol. 2, 1891, sec. 978 says: "Precisely as in temporary

alimony, this suit money is given only to a wife in need, so that if she has an adequate separate income, it is withheld. Or if she has sufficient in part, the husband must supply the residue." [See also sec. 930, 931.] 2 Amer. and Eng. Ency. Law (2 Ed.), 105 says: "It must appear that the wife is without means to maintain herself, and to enable her to properly conduct her suit or defense; when it is shown that she has sufficient means, alimony *pendente lite* will not be allowed." [See also sec. 125.]

The doctrine that allowance of alimony *pendente lite* is no longer an absolute right of the wife but rather rests upon the necessities of the case, which are made to appear upon a hearing, as above indicated, is amply supported by the adjudicated cases on the subject, as will be seen by consulting the following authorities. [Collins v. Collins, 80 N. Y. 1-13; Rawson v. Rawson, 37 Ill. App. 491-493; Porter v. Porter, 41 Miss. 116; Jones v. Jones, 2 Barb. (N. Y.), 146; Coad v. Coad, 40 Wis. 392; Maxwell v. Maxwell, 28 Hun (N. Y.) 556; Daiger v. Daiger, 2 Md. Ch. 335; Flyer v. Flyer, Deane & S. 175; Marker v. Marker, 11 N. J. Eq. 256-258; Westerfield v. Westerfield, 36 N. J. Eq. 195; Penningroth v. Penningroth, 71 Mo. App. 438; Lambert v. Lambert, 109 Mo. App. 19, 84 S. W. 203, Kenemer v. Kenemer, 26 Ind. 330; 2 Bishop M. & D. 978-930-931; 2 Amer. and Eng. Ency. Law (2 Ed.), 105-125.] Indeed, the Supreme Court of Indiana goes still further on the subject and in Kenemer v. Kenemer, supra, says: "If she had either funds or credit sufficient for the purpose of her defense and her personal support, it would have been improper for the court to require her husband to furnish money for such purposes, pending the litigation." In that case, however, it was shown that the wife had valuable real estate and had received considerable sums of money and no doubt it was upon this feature of the case that the court predicated the statement that if she had either

funds or credit, etc.   [See also 2 Amer. and Eng. Ency. Law (2 Ed.), 125.]

Therefore, upon principles of law and equity now well fixed and settled, the issue to be determined upon a hearing of the application for suit money, was the necessities of the respondent wife for the purpose under consideration. The facts show that the wife, while absent in California after the separation, was made defendant in a divorce suit and service was had by process of publication; that she was compelled to employ counsel in a foreign State in order to determine the proper course to pursue; that it was necessary for her also to employ counsel in this State in order to defend her rights, and thus contracted the obligation to compensate counsel in both States; that she is confronted, in the bill for divorce, with the serious charge of attempting to poison her husband by placing strychnine in his coffee and that the defense of this charge will necessitate the employment of expert evidence, which of itself, is expensive and no doubt this expenditure, together with her support and maintenance during the litigation, will immediately consume her estate of $800. The court evidently considered all of these elements when the allowance was made and upon that hypothesis, its order for an allowance against the husband was made, no doubt upon the theory that her estate was insufficient for her maintenance during the litigation and the discharge of these necessary expenditures, arising by virtue of the suit. It was a matter under our statute, largely in the discretion of the court, and under the authorities, although it may appear that the wife has an estate, an allowance can even then be made by the court, exercising its sound discretion in the matter, against the husband, to supply what may be required in addition to the wife's means for the purposes indicated. [2 Bishop on M. & D. (1891), sec. 978.]

It appears from the record before us, that the court first made an allowance allowing $300, but upon motion, subsequently modified the same to an allowance of $225.

This manifested a careful consideration of the question on the part of the trial court, and in view of these facts appearing in the record, we are unwilling to reverse the judgment outright. No doubt the court was of opinion that the necessities of the case required all of the wife's estate, together with a portion of that of her husband. We are persuaded, however, that the allowance, when added to the separate estate of the wife, constitutes a greater sum than the present necessities of the case require. In our opinion, an enforced contribution of $100 by the husband at this stage of the proceeding would have been quite reasonable, in view of the ample provisions of the law in respect to the question of both temporary and permanent alimony.

If, at the final determination of this suit, respondent should prevail, and a divorce be decreed to her, she would be entitled as a matter of course, to a judgment for alimony, regardless of her own estate. [Sec. 2926, R. S. 1899; Penningroth v. Penningroth, 94 Mo. App. 438.] And under the express provisions of the statute supra, "the court, on application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant." [Sec. 2926, R. S. 1899.]

There is therefore no doubt that if the estate of the wife, together with the small allowance from the husband's estate, be consumed, or nearly so, in the expense of the litigation and her support and maintenance, the court is not only possessed of the power at any time during its pendency, but upon a proper showing, it would become its duty to make such orders in favor of the wife touching the premises, as would be just.

It is therefore the conclusion of this court that the allowance as made, exceeded the present necessities of the wife under the circumstances of the case, and in

view of the liberal provisions of our law on the subject, it is thought expedient to reverse the judgment with the direction that if the respondent will remit $125 of the allowance in this court within ten days, the judgment will be affirmed; otherwise the judgment will stand reversed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.