## Elmer O. Hahn v. Mary E. Hahn.

### Gen. No. 13,354.

1. ALIMONY—*when allowance of, erroneous.* Allowance of alimony is erroneous if predicated upon a bill of complaint which shows no ground for relief.

2. DIVORCE—*when bill for, does not sufficiently charge desertion.* A bill for divorce which upon its face shows that the desertion has not continued for the statutory period of two years, does not sufficiently charge desertion as a ground for relief.

3. DIVORCE—*when bill for, does not sufficiently charge adultery.* A bill for divorce which alleges that "the defendant has for a considerable time past given himself over to adulterous practices and is now living an adulterous life" does not show ground for relief.

4. DIVORCE—*when bill for, does not sufficiently charge adultery.* A bill for divorce on the ground of adultery is insufficient if it fails to state the time, place, circumstances or the name of the person with whom such act of adultery was committed, or an excuse for the omission to state such particulars.

Divorce. Appeal from the Circuit Court of Cook County; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed. Opinion filed October 4, 1907.

**Statement by the Court.**    Appellee filed a bill for divorce against appellant, her husband, to which he filed a demurrer.    Without disposing of the demurrer the chancellor entered an order that defendant pay complainant five dollars per week as temporary alimony, and twenty-five dollars for her solicitors' fees, and from such interlocutory order the defendant prosecutes this appeal.

J. S. DUDLEY, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The sole ground of reversal urged is the insufficiency of the bill. "It would be vain to proceed with a suit wherein the pleadings of the parties failed to show ground in law for the relief sought. Therefore if the wife's petition or answer is without merits—as if she is plaintiff, and sets out no adequate cause for divorce—she cannot have temporary alimony." 2 Bishop Marr. & Div., section 932; Harding v. Harding, 40 Ill. App., 202; S. C., 144 Ill., 588–596.

The bill was filed July 24, 1906. It alleges that the marriage occurred January 14, 1905, and that defendant deserted complainant June 1, 1905. So far, therefore, as the bill attempts to set up desertion, as a ground of divorce, it is clearly insufficient because the desertion alleged was for a less period than two years prior to the filing of the bill.

The bill also alleges that: "the defendant has, for a considerable time past, given himself over to adulterous practices and is now living an adulterous life." This is only an averment of a conclusion, that defendant's life and practices were adulterous, not an averment that defendant had committed adultery, and is therefore insufficient. If the allegation could be held to amount to a charge that the defendant had committed adultery, it would still be insufficient because it fails to state the time, place, circumstances or the name of the person with whom such act of adultery was committed, or any excuse for the omission to state such particulars. 2 Bishop Marr. & Div., section 1325.

It follows from what has been said, that in our opinion the bill fails to state facts which constitute a ground for divorce, and therefore the order appealed from was erroneous, and will be reversed.

*Reversed.*