FANNIE A. COEN, Respondent, v. ROBERT L. COEN, Appellant.

Kansas City Court of Appeals, May 4, 1908.

DIVORCE: Alimony: Pendente Lite: Wife's Income. Where it is shown that the wife suing for divorce can only rely for her own support on twenty dollars a month to be obtained from a somewhat precarious source, she should be allowed alimony *pendente lite* and suit money.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Noyes, Heath & Walls* for appellant.

In the cases of Penningroth v. Penningroth, 71 Mo. App. 438, and Lambert v. Lambert, 109 Mo. App. 19, the court held that where plaintiff, his wife, had sufficient means for her support and to carry on her litigation, she was not entitled to alimony *pendente lite,* although on final trial on the merits she might recover alimony, notwithstanding her separate means. But before a wife is entitled to alimony *pendente lite,* she must exhaust her own property. The above two cases are the latest decisions of our courts, and should settle this case in favor of the appellant.

*William E. Fowler* for respondent.

The facts in this case are easily understood. The law governing the legal question involved is very clear. Section 2926, Revised Statutes 1899, reads: "The court may decree alimony pending the suit for divorce in all cases where the same would be just whether the

Coen v. Coen.

wife be plaintiff or defendant, and enforce such only in the manner provided by law in other cases." (1) It has been held that the statute authorizing alimony *pendente lite,* for support of wife and the maintenance of her action is merely declaratory of the common law. 5 Mo. App. 56; 78 Mo. App. 32. (2) It is held that an order for alimony *pendente lite* lies largely within the discretion of the circuit judge, and will not be interfered with by the appellate court, unless it is made clearly apparent that such discretion has been abused. 93 Mo. 520; 49 Mo. App. 592. (3) As a part of alimony *pendente lite* the wife is entitled to the allowance of a reasonable sum for making her defense. Waters v. Waters, 49 Mo. App. 385. The amount of an allowance for attorney's fee on the hearing of a motion for temporary alimony in divorce proceedings is largely within the discretion of the trial judge. McClosky v. McClosky, 68 Mo. App. 199. The suit money should be large enough to pay the costs of litigation including reasonable attorney's fees. Mangels v. Mangels, 6 Mo. App. 481.

BROADDUS, P. J.—This appeal is from an order decreeing alimony to plaintiff *pendente lite.* On the 29th day of July, 1907, the plaintiff filed her petition in the circuit court of Clay county for a divorce from the bonds of matrimony, charging defendant with desertion and other indignities. At the November term of the court defendant filed his answer and cross-bill, charging her with impotency. On the same day plaintiff filed a motion asking for a decree of alimony pending litigation. On the next day the motion was heard by the court and a decree was made allowing plaintiff the sum of seventy-five dollars for maintenance and attorney's fee to be paid on or before the 15th day of the month. From the decree defendant appealed on

the ground that plaintiff had an abundant estate of her own, and that he himself had but little money or property.

The testimony was in substance to the effect that defendant was sixty-one years of age, had seventeen dollars in cash and owned real setate in Jackson county, Missouri, of the value of $1,000; that plaintiff owned an equity of about twelve hundred dollars in certain real estate in Clay county; that she had her house furnished with furniture of her own and was making her living by keeping roomers.

The defendant relies for reversal, on the law as is found in Penningroth v. Penningroth, 71 Mo. App. 438, and Lambert v. Lambert, 109 Mo. App. 19. In the latter case the court allowed the wife $500 *pendente lite* and $75 for counsel fees. It was shown her residence in the city of St. Louis was valued at $7,500, and that she had other improved realty from which she received a gross income of $700; that she was the holder of $22,000 in notes secured by deeds of trust, besides $6,000 in bonds producing six per cent annually, and some other estate. The holding of the court was that the wife had abundant resources and income of her own, and that under such circumstances she was not entitled to alimony pending litigation. And the holding of the first case is to the same effect.

We do not think the holding in these cases apply to the facts and circumstances in this. The plaintiff does not seem to be possessed of abundant income, and that all that she can rely on for her own support is $20 a month to be obtained from a somewhat precarious source. Affirmed. All concur.