The State ex rel. Dawson v. St. Louis Ct. of App.

THE STATE *ex rel.* DAWSON V. THE ST. LOUIS COURT OF APPEALS.

1. **Jurisdiction of Supreme Court:** CONSTITUTION : PROHIBITION : PRACTICE. Section 8 of the amendment of 1884 to the constitution gives the supreme court superintending control over the courts of appeals by *mandamus*, prohibition and *certiorari.* Such jurisdiction must, however, be exercised according to the principles and usages of the common law.

2. **Prohibition.** Prohibition will not lie solely to correct the errors of an inferior court. The purpose of the writ is to prevent the inferior tribunal from assuming a jurisdiction with which it is not legally vested, or where, having jurisdiction, it has exceeded its legitimate powers, and especially in the latter class of cases where there is no remedy by appeal.

3. **Alimony, Power of Circuit Court to Decree.** The circuit court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such decree in the manner provided by law in other cases.

4. **Divorce :** ALIMONY : POWER TO WITHHOLD DECREE. The circuit court has the power to deprive the husband, when plaintiff, of his decree until he has paid all arrears of alimony. The appellate court possesses the same power when it undertakes to enter a final decree, or give directions as to what decree shall be entered.

5. ———— : ———— : JURISDICTION OF APPELLATE COURT. The appellate court has the right to give such judgment, on appeal in a suit for divorce, as, in its opinion, should have been given by the circuit court, or it could reverse the judgment and remand the cause with directions, and in doing so it has the right to look to the whole record in the cause.

6. ———— : ———— : ————. The circuit court has the power to make an order awarding alimony which will continue during the pending of an appeal. Whether the order made expired when the circuit court dismissed plaintiff's petition, or when the appellate court upon appeal · declared him entitled to a decree, or not until final judgment dissolving the marriage in the circuit court, as directed by the appellate court, is a question wholly within the jurisdiction of the court of appeals upon a second appeal from the final judgment, and the supreme court cannot review its ruling by writ of prohibition.

*Prohibition.*

WRIT DENIED.

*Alex. Martin* for petitioner.

(1)  The supreme court has a general superintending control over all inferior courts. It also has the power to issue all original remedial writs, and to hear and determine the same. Const., art. 6, sec. 3. (2) The court of appeals had no authority to attach a condition to the exercise of its appellate power, requiring the petitioner to comply with an order not before the court. (3)  The actual wrong complained of, and for which relief is sought here, is the judgment *nisi* of the court of appeals, requiring him to pay into said court, or into the lower court, about eleven hundred and fifty dollars for the support of the defendant after she had been finally adjudged guilty. When it conclusively appears at any time in a divorce case that the wife is guilty, that is the end of all her rights for the alimony or support which divorce courts are empowered to give. *Perry v. Perry*, 2 Barb. Ch. 285; *Scott v. Scott*, 17 Ind. 309; *Krause v. Krause*, 23 Wis. 354; *Porter v. Porter*, 41 Miss. 116; *Snyder v. Snyder*, 3 Barb. 64; *Jones v. Jones*, 2 Barb. Ch. 146; *O' Haley v. O' Haley*, 31 Tex. 502; 2 Bishop M. & D. [6 Ed.] secs. 398, 416; *Keats v. Keats*, 1 Swabey & T. 334; *Wagner v. Wagner*, 34 Minn. 441; *Newman v. Newman*, 69 Ill. 167; *Wilde v. Wilde*, 2 Nev. 306; *Chestnut v. Chestnut*, 77 Ill. 346. (4) If the court of appeals was without authority to attach the original condition relating to alimony to their judgment, or if their construction, holding that the order of alimony continued after final adjudication of the wife's guilt, is erroneous, then the court of appeals is without jurisdiction in adding to the original order an amount which it did not call for, and it should be restrained

from enforcing such additional sum in any manner whatever, either by compelling the petitioner to pay into the court of appeals, or by ordering the circuit court to adjudge it against him, or to enforce its collection.

*D. H. McIntyre* and *Zach. J. Mitchell* for respondents.

(1) The remedy here sought, by which to partially avoid the judgment of the court of appeals, can only be exercised against respondents when they transgress their constitutional jurisdiction, and not where appeal does not lie or for mere error of judgment, if any there be.. (2) The question as to whether or not such construction so adjudged by them is correct, or not, is, unless such constitutional or statutory authority is therein transgressed, eliminated from the case. (3) The statute, common laws, ecclesiastical and equity authorities of other states and countries, as cited by counsel for complainant, are not relevant to the issue. No statutory case is cited pretending to define a statute law, such as set out in said Revised Statutes, 1879, section 2179. The common and ecclesiastical law authorities can certainly not be relied upon to interpret a statute law which was evidently enacted to avoid, or change, such common and ecclesiastical law doctrines and precedents. (4) Complainant, by his petition herein, is in law, as well as in fact, seeking to avail himself of an appeal, without any security for costs, or to the defendant for the judgment against him; when no appeal, even with bond, can lie.

BLACK, J.—This is an original proceeding in this court by prohibition against the judges of the St. Louis court of appeals, to restrain them from making a threatened order or judgment in a cause now pending in that court, on an appeal from the circuit court of St. Louis

OCTOBER TERM, 1889.          219

The State ex rel. Dawson v. St. Louis Ct. of App.

county, wherein the present relator, James Dawson, is plaintiff, and Eva Dawson is defendant and the appellant.

The history of that case, so far as important to a disposition of this one, is this: James Dawson commenced the suit, which was for divorce, in February, 1885. The circuit court, on the first of June, 1885, made the following order: "It is ordered that the plaintiff pay to defendant for her separate maintenance of self and child, during the pendency of this suit, the sum of fifty dollars per month, on the first day of each and every month, commencing on the first day of June, 1885; also the sum of one hundred dollars to and for the use of counsel." Thereafter the defendant made affidavit of prejudice against the regular judge, and the parties agreed upon a special judge, who heard the evidence, and, in December, 1885, rendered judgment dismissing the petition and cross-bill.

The plaintiff appealed, and, on May 11, 1886, the St. Louis court of appeals reversed the judgment, and directed the circuit court to enter up a decree of divorce in favor of the plaintiff, adding, however, these words: "the plaintiff first paying to the defendant, or into court for her use, all arrearages, if any, in the alimony heretofore awarded to her by the trial court." No exceptions had been taken to the order of the circuit court, allowing alimony *pendente lite*, but a suggestion had been made in the court of appeals that plaintiff was two months in arrear in the payment of alimony at the date of the judgment of reversal.

The regular judge of the circuit court, on the presentation of the mandate of the court of appeals, entered up a judgment of divorce in favor of the plaintiff, and the defendant appealed. This judgment of the circuit court was reversed for the sole reason that it should have been entered by the special judge. This second judgment of reversal contained the same directions to the trial court as did the former one.

On June 22, 1888, the special judge heard the cause, found that the alimony had been paid as he construed the former order, and gave judgment for divorce in favor of the plaintiff. The defendant again appealed to the court of appeals.

It appears that the plaintiff paid the fifty dollars per month, not only to the date of the first judgment of the circuit court, dismissing the petition and cross-bill, but to May 11, 1886, the date at which the court of appeals rendered the first judgment of reversal, and by which it was held that the plaintiff was entitled to a decree of divorce; but he made no further payments of alimony. The sole question on the third appeal was, whether he should have been required to pay the alimony *pendente lite* down to the date of the last judgment entered by the special judge on June 22, 1888. The court of appeals reached the conclusion, after two arguments, that he should, and entered a judgment requiring the plaintiff to pay into that court alimony *pendente lite* to and including the month of June, 1888, otherwise the decree of the trial court would be reversed, and the case remanded with directions to enter a decree of divorce in favor of the plaintiff, but with the addition that plaintiff be adjudged to pay the defendant the arrears of alimony above named.

The relator contends: *First*, that the order of the circuit court for the payment of alimony *pendente lite* terminated with the judgment of the circuit court, made on December 23, 1885, dismissing the petition and cross-bill, and did not contemplate the payment of such alimony pending the appeal in the court of appeals; *second*, that under no construction can it be held to extend beyond May 11, 1886, at which date the court of appeals adjudged the defendant the guilty party, and the plaintiff entitled to a decree; *third*, that the court of appeals is without jurisdiction to decree alimony *pendente lite*, and, under the pretense of construing the

order of the circuit court, has usurped jurisdiction over the matter of alimony, and, unless restrained, will carry into effect its last judgment and make the payment of eleven hundred and fifty dollars a condition to a decree of divorce.

Our jurisdiction to issue the writ of prohibition is invoked by authority of section 3, article 6, of the constitution; but, aside from that, section 8 of the amendment of 1884 provides that "the supreme court shall have superintending control over the courts of appeal by *mandamus*, prohibition and *certiorari*." Our jurisdiction must, however, be exercised according to the usages and principles of the common law. The purpose of the writ is to prevent the inferior tribunal from assuming a jurisdiction with which it is not legally vested. If the lower court has jurisdiction to determine the question before it, prohibition will not lie. *State ex rel v. Burckhartt*, 87 Mo. 533. There can be no doubt but the St. Louis court of appeals had the sole and exclusive jurisdiction to hear and determine the several appeals prosecuted in the divorce suit. No other court had jurisdiction of those appeals.

But it cannot be said that the writ will be issued only in those cases where the lower court has no jurisdiction whatever over the case before it. High says: "The province of the writ is not necessarily confined to cases where the subordinate court is absolutely devoid of jurisdiction, but is also extended to cases where such tribunal, although rightfully entertaining jurisdiction of the subject-matter in controversy, has exceeded its legitimate powers." High on Ex. Leg. Rem. [2 Ed.] sec. 781. Especially is this true where there is no remedy by appeal, as in the case now in hand. Enough has been said however to show that the relator is not entitled to the writ by simply making it appear that the court of appeals erred in its ruling. The writ cannot be awarded for the simple purpose of correcting

errors, if any there were. It must clearly appear that the court of appeals has exceeded its legitimate powers.

Now to determine whether the court of appeals may, in directing a decree of divorce, attach a condition that the plaintiff, being the husband, must first pay all arrears of alimony *pendente lite*, it is necessary to see whether the circuit court has that power. The circuit court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases. R. S. 1879, sec. 2179. Under our ruling it is the only court which can make the order, whether the case be pending in the circuit or appellate court, though the order when made may be reviewed on appeal. *State ex rel. v. Court of Appeals*, 88 Mo. 135 ; *State ex rel. v. Seddon*, 93 Mo. 520. Payment of such alimony may undoubtedly be enforced by execution and sequestration of property. But the power of the court does not end here. Though we have no ecclesiastical courts, still original jurisdiction in divorce matters is conferred upon the circuit courts ; and since we have adopted the common law we have also adopted the English practice, so far as it relates to the substantial rights of the parties, except as the common law is modified by statute. *Martin v. Martin*, 33 Mo. 614 ; *Waters v. Waters*, 49 Mo. 386 ; *Crews v. Mooney*, 74 Mo. 26 ; 1 Bishop on Marriage and Divorce [6 Ed.] sec. 86. Taking away privileges in the cause is sometimes resorted to to enforce payment of alimony awarded pending the litigation. 2 Bishop on Mar. & Div. [6 Ed.] sec. 498 ; 1 Am. & Eng. Ency. of Law, 485–6 ; *Walker v. Walker*, 20 Hun. 400. It is said that the failure of the husband to pay alimony will in extreme cases only justify the court in striking out his answer ; but when he is the plaintiff his failure or refusal to obey such an order will warrant the dismissal of the cause. *Peel v. Peel*, 50

Iowa, 520. In *Latham v. Latham*, 2 Swab. & T. 299, the court refused to make a decree *nisi* absolute, until the husband paid money due to the wife on account of alimony *pendente lite*, he then residing in Indiana. It is not our purpose to say or indicate how far courts should go in depriving the husband, when plaintiff, of his decree until he has paid all arrears of alimony. It is enough for all the purposes of this case to know that the power exists. If it exists in the trial court it must exist in the appellate court, when that court undertakes to enter a final decree, or to give directions as to what decree should be entered.

When the appeal came before the court of appeals, that court had the unquestioned right to give such judgment as in its opinion should have been given by the circuit court, or it could reverse the judgment and remand the cause with directions. But as no exceptions were taken to the order awarding alimony and no appeal was taken therefrom, it is argued that the court of appeals had nothing to do with that order. The court had nothing to do with the order, so far as reviewing it was concerned; but, when the court came to direct what judgment should be entered by the circuit court, it had the right to look to the whole record in the cause, and this is what it did do. It took into consideration the fact that there was an existing order for the payment of alimony.

Now as to the duration of the order of the circuit court awarding alimony pending the suit: This order was made at the outset of the litigation. It was certainly within the power of the circuit court to make an order upon that subject which would continue during the time the suit was pending on appeal. Whether the order expired when the circuit court dismissed the plaintiff's petition, or when the court of appeals declared the defendant the guilty party, or not until

there was a final judgment dissolving the marriage contract, are questions which were considered on the last appeal. The court of appeals had the undoubted jurisdiction to hear and determine these matters. This court cannot review their rulings save by making the writ of prohibition a substitute for a writ of error. Our duty is performed when we conclude, as we do, that the court of appeals acted throughout within its lawful jurisdiction.

The writ is therefore denied. All concur; BARCLAY, J., in the result.