JOHN McCLOSKEY, Appellant, v. NELLIE McCLOSKEY, Respondent.

St. Louis Court of Appeals, December 22, 1896.

1. **Divorce:** ATTORNEY'S FEES: EVIDENCE. In a divorce proceeding no testimony is required to be offered to determine what is a reasonable attorney's fee, but that question may be determined by the trial judge from his own experience and knowledge of the particular case.

2 ———: ———: AMOUNT OF ALLOWANCE: JUDICIAL DISCRETION. The amount of allowance for attorneys' fees, in such proceedings, is largely within the discretion of the trial court, and not subject to review, unless it is manifest that the allowance is excessive; and where it appears from the pleadings in such proceeding that the case promises to be hotly contested, and one requiring much labor in its preparation, this court would not be authorized in saying the amount of the allowance is excessive.

3. ———: ALIMONY PENDENTE LITE: REASONABLE SUPPORT: ONUS: OCCUPATION AND USE OF HOUSE. In such proceeding for alimony *pendente lite*, the view of the court that defendant had the right to set up a separate establishment, and that plaintiff was bound to furnish the money for that purpose, was erroneous. To entitle defendant to the allowance for maintenance during the pendency of the action, it devolved on her to show that plaintiff failed to furnish her and her minor children, who appeared to be under her direct control, reasonable support. The attempt of the court to control plaintiff as to the occupation and use of his own house was unauthorized.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED as to allowance for suit money, and REVERSED as to allowance for maintenance, and cause remanded for retrial of that issue only.

*Edmond A. B. Garesche* for appellant.

The court erred in allowing respondent alimony *pendente lite*, for the sustenance of herself and children, in the face of the fact that it conclusively appears from the record that the wife was living in appellant's house, and that he furnished her and her children with all of the necessaries of life. *Tayman v. Tayman*, 2 Md. Ch. 393; *Anshutz v. Anshutz*, 16 N. J. Eq. 162; *Adams v. Adams*, 49 Mo. App. 592–596.

Notwithstanding the rule that pending divorce proceedings a wife must live quietly and modestly, the court has allowed respondent $20 a month more than the proof shows it had previously cost appellant to sup-

port her and her children. Stewart on Marriage and Divorce, section 388, and cases cited.

The court erred in allowing respondent suit money or attorneys' fees, without some evidence as to what would be the reasonable value of the services to be rendered, and in making such allowance at all, in the face of the fact affirmatively shown from her own admissions that respondent was living in the house of appellant, and there was no evidence offered to rebut the presumption of intimacy between them as husband and wife. Stewart on Marriage and Divorce, section 384; *Davis v. Davis*, 49 Mo. App. 595–597.

*Virgil Rule* and *Loomis C. Johnson* for respondent.

The amount to be allowed as alimony *pendente lite*, and as suit money, rests in the discretion of the trial court; and, unless it appears affirmatively from the record that the court has abused its discretion, the appellate court will affirm the judgment. *Collins v. Gloss*, 46 Mo. App. 297; *State ex rel. v. Seddon*, 93 Mo. 520; *Adams v. Adams*, 49 Mo. App. 601; *Wagoner v. Wagoner*, 6 *Id.* 572; *State v. Parker*, 106 Mo. 217; *Carr v. Dawes*, 46 Mo. App. 598.

BIGGS, J.—This is an appeal from an order awarding alimony *pendente lite* to the defendant. She is sued by the plaintiff for divorce, and the action is now pending in the circuit court of the city of St. Louis. She asked for allowances for the maintenance of herself and minor children, and also for suit money. The matter was heard and the circuit court made the following order: "It is ordered by the court that the motion heretofore filed herein for alimony *pendente lite* be and the same is hereby sustained, and that plaintiff so long as defendant and the minor children of said parties occupy the house they are now living in, pay to said defendant as

McCloskey v. McCloskey.

and for the support and maintenance of herself and said children the sum of $30 each week, the first payment to be made on Monday, April 20, 1896; that said plaintiff in no way interfere with said defendant and said children in the occupancy of said house, and it is further ordered that on or before May 1, 1896, said plaintiff pay to said defendant as and for her attorney's fee herein a further sum of $150, and that in default of any of said payments execution issue therefor."

The objections made to the allowance of counsel fees are that no evidence was offered on the subject and that the amount allowed is excessive. It has been held that no testimony is required to determine what is a reasonable attorney's fee in such a proceeding. This ruling is based upon the idea that the trial judge, by consulting his own experience and knowledge of the particular case, may determine the question without evidence. *Peyre v. Peyre*, 79 Cal. 336; *Llamasas v. Llamasas*, 62 N. Y. 618. This rule is a reasonable one because the trial judge is as competent as any lawyer to judge of the probable amount required for the proper defense of the wife. Expert testimony is advisory only, and its introduction is useless when the trier of the fact from his individual experience and his knowledge of the particular case is fully capable of passing judgment on the question.

DIVORCE: attorneys' fees: evidence.

The amount of such an allowance is largely within the discretion of the trial judge. Of course, the discretion is judicial and subject to review, provided it is manifest that the allowance is excessive. The petition for divorce contains many charges of misconduct against defendant extending over a period of fifteen or sixteen years. The answer contains a cross bill, in which the defendant makes many counter-charges. Judging from the plead-

AMOUNT of allowance: judicial discretion.

ings, the case promises to be hotly contested, and one which will require a good deal of labor in its preparation and trial. Under such circumstances we do not feel authorized to say that the amount allowed is excessive. We therefore conclude that the allowance of the circuit court as to suit money ought to be affirmed.

That portion of the order allowing defendant $30 a week for the maintenance of herself and minor children must be set aside. The following facts are conceded. Since the separation, the plaintiff and the defendant have been living in the same house. The plaintiff occupies a back room, eats at a separate table, and has held no communication with his wife for almost two years. The defendant and her six children have occupied the other rooms. During the time the plaintiff has paid a servant to do the cooking, has paid the grocery, gas, and coal bills, and has furnished the defendant $7 each week for the purchase of meat.

ALIMONY pendente lite: reasonable support: onus: occupation and use of house.

In addition to the foregoing facts the defendant's evidence tended to prove that her husband had failed to buy her and her children any clothing, and that they were then badly in need of them; that he had notified the merchant from whom she had been making purchases not to sell her anything on credit; that he refused to allow her to have some necessary dental work done; that the only money he gave her was $7 each week for the purchase of meat for the family, which amount was insufficient, and that to meet incidental expenses she had been compelled to borrow money from her mother. The defendant was also examined as to the amount necessary for the support of herself and minor children, which exclusive of rent, she placed at $250 per month. In this estimate was included meals, groceries, servant's hire, clothing, gas,

and coal bills, and incidental expenses. She also testified as to the value of her husband's property and the amount of his income.

The plaintiff testified that he had never declined to buy clothing for his children whenever he was informed that they needed any. He admitted that he instructed his merchant not to sell his wife goods except on his order; that he had also notified the dentist not to do any work for his family, unless he ordered it done, but he denied that he knew that his wife was in need of any dental work. He also admitted that since the separation his wife had received from him only $7 each week, and that that was used in the purchase of meat.

The scope or character of the evidence makes it reasonably certain that the circuit court in making the allowance for support was of the opinion that under the circumstances the defendant had the right to set up a separate establishment which should be under her exclusive control, and that the plaintiff was bound to furnish the money for that purpose. This we think is an erroneous view. To entitle the defendant to an allowance for maintenance during the pendency of the action for divorce, it devolved on her to show that the plaintiff had failed to furnish her and her minor children (who seem to have been under her direct control) reasonable support. *Tayman v. Tayman*, 2 Md. Ch. R. 393; *Anshutz v. Anshutz*, 16 N. J. Eq. R. 162. Now it is admitted that the.plaintiff permitted the defendant and the children to remain in the family residence, and that he paid all the running expenses of the establishment; therefore there should have been no inquiry into or allowance for these things. The investigation should have been confined to the reasonable cost of clothing for the family, and what amount should be allowed the defendant for incidental ex-

penses. Maintenance includes such things, for it can not be said that a husband fully discharges his duty to his separated wife unless he buys her clothing suitable to her station in life, and furnishes her with a reasonable amount of pin money, his ability to furnish such support being considered. It may be said in this case that the defendant had the right to buy necessary clothing on the plaintiff's credit (which the evidence shows was good), but she was not compelled to do so, as he had forbidden their merchant to sell her anything unless upon his order.

Our conclusion is that the allowance for maintenance must be set aside. In order that we may not be misunderstood we suggest that the attempt of the circuit court to control the plaintiff as to the use and occupation of his house was unauthorized. If at any time he should eject the defendant, the court would be authorized to increase the allowance for support.

The allowance for suit money will be affirmed: that for maintenance will be reversed and the cause remanded for a retrial of that issue only. All the judges concur.