CHARLOTTE PENNINGROTH, Respondent, v. HENRY PENNINGROTH, Appellant.

St. Louis Court of Appeals, May 22, 1897.

**Divorce :** ALIMONY PENDENTE LITE: ALLOWANCE FOR SUPPORT OF CHILD. The right of the wife to alimony, *pendente lite*, is no longer absolute, where she has sufficient property in her own right to conduct or defend the action, and to maintain herself during its pendency: but she is entitled to a suitable allowance for the maintenance of her child or children, permitted to remain with her, from the commencement of the suit to its final determination.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

REVERSED AND REMANDED (*with directions*); Judge BOND concurring, Judge BLAND not sitting.

*Paxon & Dierkes* for appellant.

The facts of this case do not warrant the order of the court below, in plaintiff's favor, for alimony and suit money. R. S. 1889, sec. 4505; *Adams v. Adams,* 49 Mo. App. 592; *Dawson v. Dawson,* 37 *Id.* 207; *Waters v. Waters,* 49 Mo. 385; *State ex rel. v. St. Louis Court of Appeals,* 99 *Id.* 216; *Rosenfeld v. Rosenfeld,* 63 Mo. App. 411; *Isbell v. Weiss,* 60 *Id.* 54.

*Lubke & Muench* for respondent.

The allowance of alimony in this case was a just one, very moderate, and made upon the fullest investigation of the condition of both parties. 2 Bish. on Mar. and Div., sec. 911; *Adams v. Adams,* 49 Mo. App. at 597; *Rosenfeld v. Rosenfeld,* 63 *Id.* at 413.

BIGGS, J.—In actions of divorce will alimony *pendente lite* be awarded to the wife, although she may be possessed of a liberal fortune in her own right? This question is presented by this record. The present action is by the wife against the husband. The alleged grounds of divorce are indignities offered her by defendant. The answer is in the nature of a cross-bill, which contains counter charges of a like nature. An application was made by plaintiff for alimony *pendente lite.* At the hearing the plaintiff admitted that she owned property in her own right of the value of $25,000 or $30,000, and that she had an income therefrom of about $1,000. The defendant's evidence tended to prove that she was worth much more than the sum named, and that at the death of her mother, who was quite an old woman, she would come into the possession of additional property of the value of $50,000 or $60,000. The defendant admitted that he was worth

about $45,000.   There was a child by the marriage, aged about eleven years.   After the separation the defendant allowed the child to remain with its mother. The court allowed the plaintiff $250 counsel fees, and $75 per month for maintenance.   The motion for new trial was not disposed of until the November term, 1896.   In the meantime the plaintiff's mother had died.   Under the latter's will the plaintiff received property of the value of $40,000.   This matter was brought to the attention of the court, and thereupon the court modified its original order by reducing the monthly allowance for sustenance to $40.   The motion for new trial was then overruled, and the defendant has appealed.

When the wife secures a decree of divorce she is entitled to a judgment for alimony regardless of the value of her individual property.   R. S. 1889, sec. 4506. This liability of the husband arises out of

DIVORCE: alimony pendente lite: allowance for support of child. his legal obligation to support her.   In such a case the husband has had his day in court, and he has been adjudged to be the guilty party.   But an order on him for the payment of alimony *pendente lite* is made from other and different considerations.   It is made before the complaint of the wife is heard.   Indeed, there can be no inquiry whatever into the merits of her complaint.   At common law the right of the wife to such an order rests on the presumption that she is financially helpless,—that is, that whatever property she possessed at the date of her marriage or has come to her since, became the property of her husband.   Hence, she is treated as a favored suitor and the husband is compelled to furnish her the necessary means to carry on the litigation and to support herself during the pendency of the action, for otherwise she might be deprived of the right and privilege of seeking legal redress for her wrongs, or of

defending herself against wrongful accusations. But under recent enactments in this state the wife occupies a much more favorable position as to her property. Indeed, the law in this respect has been entirely revolutionized. Now, the property held by her at the time of her marriage, or thereafter acquired by her by gift, grant, or inheritance, or which may arise from her earnings, is her sole and separate property. In addition to this she has the power to contract debts and to be sued therefor as if she were a *femme sole*. It is plain that the reason upon which the common law rule was founded no longer exists in this state. Hence the right of the wife to alimony pending an action for divorce is no longer absolute. If she has sufficient property in her own right to conduct or defend the action and to support herself during its pendency, there can be no reason for imposing this burden on her husband. We are supported in this by abundant authorities; besides, it is in harmony with our statute, which provides that alimony pending the suit shall only be ordered in cases where *"the same would be just."* R. S. 1889, sec. 4505; *Jones v. Jones*, 2 Barb. Chan. 146; *Westerfield v. Westerfield*, 36 N. J. Rep. 195; *Marker v. Marker*, 3 Stock, 256; *Coad v. Coad*, 40 Wis. 392; *Maxwell v. Maxwell*, 28 Hun, 566; *Collins v. Collins*, 80 N. Y. 12; *Kenemer v. Kenemer*, 26 Ind. 330; *Porter v. Porter*, 41 Miss. 116; *Fyler v. Fyler*, Deam and S. 175; *Daiger v. Daiger*, 2 Md. Ch. 335; 2 Bish. M. and D., secs. 911, 1157, 976. Under the foregoing authorities it is plain that the allowance of counsel fees in this case can not be upheld. Neither can the allowance for the maintenance of the wife be sustained. According to her own admissions she owns separate estate of the probable value of $75,000. But she is entitled to something for the support of the child. This duty primarily rested on the defendant, and if he permitted the child to remain with

the plaintiff, he must furnish the necessary means for its support. We therefore reverse and set aside the orders for the payment of counsel fees and maintenance and remand the cause, with directions to the circuit court to make a suitable allowance to plaintiff for the maintenance of the child from the date of the institution of the suit for divorce to its final determination.

Judge BOND concurs; Judge BLAND is absent.