BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1909.

---

## JAMES E. RUTLEDGE, Appellant, v. MARY RUTLEDGE, Respondent.

St. Louis Court of Appeals, March 9, 1909.*

1. **DIVORCE: Right of Wife to Alimony Pendente Lite: Married Woman's Act.** Prior to the Married Woman's Act, alimony *pendente lite* was allowed as a matter of course, but since the adoption of that statute, the rule has been, that the right to alimony *pendente lite* and suit money depends upon the necessities of the case, so that if the wife has sufficient property in her own right to enable her to conduct or defend an action for divorce and to support herself during its pendency, she is not entitled to an award of alimony *pendente lite* or suit money.

2. **HUSBAND AND WIFE: Support of Wife: Duty of Husband.** The obligation of a husband to support and maintain his wife obtains only while she properly demeans herself as a wife and companion.

3. **DIVORCE: Right of a Wife to Alimony Pendente Lite: Statute.** The injunction of Sec. 2926, R. S. 1899, providing that the court may decree such alimony pending a suit for divorce as may be just, is not mandatory; the question of what is just under the circumstances being determined by the necessities of the wife.

---

* REPORTER'S NOTE:—It was not brought to the attention of the present reporter until recently that this opinion had not been reported. It was doubtless omitted inadvertently.

4. ——————: **Parent and Child: Duty of Husband to Support Child.** It is the duty of a husband, suing for divorce, to furnish the wife with necessary means for the support of his minor child, if he permits it to remain with her, notwithstanding the wife is not, under the circumstances, entitled to an award of alimony *pendente lite* and suit money.

5. **HUSBAND AND WIFE: Conveyances: Right of Wife to Convey Property.** Subject to the husband's right of curtesy, the wife may convey or mortgage real property to which she has the legal title, without being joined in the conveyance by her husband, notwithstanding the provisions of Sec. 901, R. S. 1899; following Farmers' Exchange Bank v. Hageluken, 165 Mo., 443.

6. ——————: ——————: ——————: **Conveyance Direct to Wife.** A deed direct from husband to wife creates an equitable estate in the wife, which she may either mortgage or convey.

7. **APPELLATE PRACTICE: Supreme Court: Controlling Decisions.** That last previous ruling of the Supreme Court on any question of law or equity is conclusive on the Courts of Appeals, by virtue of the constitutional mandate (Sec. 6 of the Amendment of 1884 to Art. 6 of Constitution).

7. **DIVORCE: Right of Wife to Alimony Pendente Lite.** In an action by a husband for divorce, where it was shown that the wife held the title to real estate valued at $5,000, which she could either mortgage or convey without being joined by her husband, and that her necessities were far less than the value of the property, *held* that she was not entitled to alimony *pendente lite* or suit money, and would not become entitled thereto until her property was practically consumed, notwithstanding the husband owned property of the value of $100,000.00.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

REVERSED AND REMANDED (*with directions*).

. *C. W. Rutledge* and *Barclay & Fauntleroy* for appellant.

*Frank L. Richey* and *Campbell Allison* for respondent.

NORTONI, J.—This is a divorce proceeding. The appeal is from two separate orders of the court al-

lowing the defendant wife alimony *pendente lite* and suit money. Plaintiff instituted his suit for a divorce, charging numerous indignities on the part of the wife which are averred to have rendered his condition in life intolerable. The defendant wife filed her motion for alimony *pendente lite* and suit money. On this motion, evidence was taken in the circuit court. It appears therefrom that the parties were husband and wife and had been married twenty-three or twenty-four years. They have two children, a daughter, who has attained her majority, and resides with her father, separate and apart from the defendant, wife, and a son of about fifteen years of age, who resides with the defendant, his mother. It appears the plaintiff husband is a man of means. His estate consists of real and personal property, valued at about $100,000. It appears the defendant wife is possessed of a house and lot in which she resides, No. 3832 Russell avenue, in the city of St. Louis. It is a residence property containing ten rooms, conceded to be of the value of $5000, and is unincumbered. The defendant husband deeded this property to his wife some two or three years prior to their separation. On November 7, 1907, the court sustained the defendant's motion and ordered the plaintiff to pay the defendant $648 on or before November 15, 1907, and the further sum of $100 per month, to be paid monthly in installments thereafter, the first installment to be paid on December 10, 1907, and to continue such payments on the tenth of each succeeding month, pending the litigation. Defendant was further ordered to pay $750 as suit money, $500 of which to be paid on or before November 15, 1907. From this order, plaintiff appealed to this court; whereupon the defendant filed her second motion for an order on appellant to pay a reasonable sum in advance for her support, pending the appeal, and for an additional order or allowance for attorneys' fees to defend the suit in this court on the appeal. This second motion for ali-

mony *pendente lite* and suit money came on for hearing November 30, 1907, and thereupon the court ordered payment of $250 attorneys' fees for the additional services of defending the appeal above mentioned, and, further, that the plaintiff pay the defendant seventy-five dollars a month alimony *pendente lite* during the appeal. The allowance of seventy-five dollars a month was to be credited, however, on the order of $100 per month theretofore made on November 7, 1907. The sum and substance of the two orders is an allowance of $648, plus $100 per month from and after November 10, as alimony *pendente lite,* and the sum of $1000 as attorneys' fees. An appeal was likewise prosecuted from the second order. The two appeals are submitted together. If there be a question in the case as to the power of the circuit court to make the second allowance of alimony and suit money after an appeal from the first order had been perfected, it will not be considered, for the reason the entire matter may be properly disposed of otherwise. On that question we express no opinion.

In view of the fact that defendant wife has real estate of the value of $5000 in her own right, we are persuaded the judgment for alimony *pendente lite* and attorneys' fees should be reversed. Under the old law, the right of the wife to alimony *pendente lite* was absolute and it was therefore allowed as a matter of course. But the conditions which gave birth to this right entirely disappeared upon the adoption of our married woman's statute. Under the Married Woman's Act, the wife may own property in her own right, contract and be contracted with, and she may sue and be sued in all things as a *femme sole;* and the doctrine of the old law that her estate merged in that of her husband no longer obtains. The right to alimony *pendente lite* and suit money now depends upon the necessities of the case rather than upon the assumption that the wife is a destitute creature, as un-

der the old law. The doctrine repeatedly declared by this court is to the effect that if the wife has sufficient property in her own right to conduct or defend her action and to support herself during its pendency, there can be no reason for imposing this burden on her husband. For the reasons in full, see Stark v. Stark, 115 Mo. App. 436; Penningroth v. Penningroth, 71 Mo. App. 441; Lambert v. Lambert, 109 Mo. App. 19, 84 S. W. 203. It is now a settled principle of equity that the fact which confers power upon the court to award alimony *pendente lite* for the support of the wife and suit money for the purpose of the prosecution or defense of a divorce action is that the wife is destitute of sufficient means to meet these charges. [See Collins v. Collins, 80 N. Y. 13.] Mr. Bishop says: "Precisely as in temporary alimony, this suit money is given only to the wife in need, so that if she has an adequate separate income, it is withheld. *Or if she has sufficient in part, the husband must supply the residue.*" [2 Bishop on Marriage & Divorce (1891), sec. 978; also secs. 930, 931.] (The italics are ours.) The doctrine is stated in a most reliable standard work as follows: "It must appear that the wife is without means to maintain herself, and to enable her to properly conduct her suit or defense; when it is shown she has sufficient means, alimony *pendente lite* will not be allowed." [2 Amer. & Eng. Ency. Law (2 Ed.), 105; also 125.] [See, also, Lake v. Lake 194, N. Y. 179.] The fact that the plaintiff husband in this instance is possessed of an estate valued at $100,000, does not relieve the situation nor modify the influence of the equitable principle referred to, for it appears in proof that the present necessities of the defendant are far less than the estate which she holds in her own right. Until this is consumed, or practically so at least, the law will not require the husband to respond to her wants for support and suit money pending the litigation.

It is true the husband, at the altar, agreed to support and maintain his wife. This obligation is modified, however, by the law to the extent that it obtains while she properly demeans herself as a wife and companion. While the divorce proceeding is pending, the obligation of the husband in this behalf is not to be enforced by the court in the divorce proceeding in those cases where the wife has ample estate in her own right, until a final adjudication upon the merits of the divorce controversy is had and the rights of the parties are ascertained with respect thereto. If the wife is found to be the innocent and injured party in the final determination of the controversy, our statute provides that the courts shall award her such alimony as shall be reasonable. The injunction of the statute is not mandatory, however, with respect to alimony pending the suit, for it says the court may decree such alimony pending suit as would be just. [Sec. 2926, R. S. 1899; sec. 2926, Mo. Ann. St. 1906.]    And the question of what is just or unjust in the circumstances of the case, when considering alimony *pendente lite* and suit money, is to be determined by the necessities of the wife. [See authorities, supra.]

What has been said so far concerns only alimony *pendente lite* awarded to the wife and the allowance for attorneys' fees, for there can be no doubt about the obligation of the husband to provide a reasonable amount for the support of his fifteen-year-old son, even though the matter of divorce be undetermined. It appears this son resides with the mother. The duty primarily rests upon the plaintiff husband to maintain him. If he permits the son to remain with his wife, he must furnish to the mother the necessary means for his support. [Penningroth v. Penningroth, 71 Mo. App. 438.]

Touching the suggestion that the residence property owned by the wife is not available as funds to support her and compensate her counsel, it may be

said that if she owns the legal title thereto, she is entirely competent to convey or mortgage it to another, subject, of course, to the husband's right of courtesy. At any rate, the proposition that she may either convey or mortgage real property, the legal title to which resides in her, without joining her husband, is abundantly established in this State. [See Farmers Exch. Bank v. Hageluken, 165 Mo. 443.] The evidence is not entirely clear as to whether she obtained the legal title to this property by conveyance from herself and her husband in a circuitous route to a third person and from the third person back to her, or whether she holds under a deed direct from her husband to herself. If the deed be direct from her husband, it would create an equitable estate in her instead of a legal estate. [Turner v. Shaw, 96 Mo. 22.] That the wife can either mortgage or convey land which is her equitable separate estate, acquired by deed from her husband, is also well settled in our law. [Turner v. Shaw, 96 Mo. 22.] We therefore find, in either view of the matter, that the real property owned by Mrs. Rutledge is available means at hand.

It is very true that as to lands acquired by the wife at common law, that is, such lands as the wife acquired or owned prior to the adoption of the married woman's statute in this State, the husband had certain fixed rights which may not be impaired by that statute. However, we are not treating with that question in this case, for it is not presented by the facts. What has been said touching the ability of the present wife to convey the legal title to the property, subject only to the right of curtesy in the husband, relates to the fact that the wife acquired the residence involved by deed only three or four years past and since the adoption of the married woman's statutes. The married woman's statutes have been construed by our Supreme Court *in banc* in Farmers Exch. Bank v. Hageluken, 165 Mo. 443 as herein indicated. That

case overruled Brown v. Dressler, 125 Mo. 589, which asserted a contrary doctrine. The rule which now obtains in this State as to lands acquired by the wife since the adoption of the Married Woman's Act—that is, her statutory separate estate—is to the effect that the wife acquires the legal estate and may convey the same by proper deed, even though she is not joined therein by her husband. That is, in respect of such estate, she is a *femme sole* as to her ability to convey the legal title.

In Farmers Exchange Bank v. Hageluken, 165 Mo. 443, 450, the court said, in speaking of the effect of the married woman's statutes: ''The statute was designed to confer on a married woman the legal estate in her land in as full and complete manner and degree as if she were a *femme sole*.'' Now it appears that the Supreme Court in that case took no account of section 901, Revised Statutes 1899 touching conveyances, to the effect that the husband and wife may convey the real estate of the wife. Neither did it notice the several decided cases predicated thereon to the effect that a married woman cannot convey a legal title without being joined by her husband. [See Huff v. Price, 50 Mo. 228; Sutton v. Casselleggi, 77 Mo. 397; Bartlett v. Roberts, 66 Mo. App. 125.] It may be that the statute above quoted (sec. 901, Revised Statutes 1899) should have influenced the question decided in Farmers Exch. Bank v. Hageluken, 165 Mo. 443. However, the Supreme Court did not refer to that statute. It was therefore, in the opinion of the court, obviously unimportant and without influence in the case. The statute referred to was amended in 1895. [See Laws of Missouri, 1895, pp. 94, 95. As amended, see sec. 901, Mo. Ann. St. 1906.] The amendment relates principally to affixing the obligation expressed or implied in covenants contained in any deed conveying the wife's property against her as though she were a *femme sole*. It provides, too, that where the property conveyed is

owned by the husband and wife as an estate by the entirety, then both are bound by the covenants expressed in the deed. We see nothing in the statute as amended which should influence the question now in judgment either more or less than section 901, Revised Statutes 1899, in force at the time Farmers Exch. Bank v. Hageluken, 165 Mo. 443 was decided. The last previous ruling of the Supreme Court on any question of law or equity is conclusive on the Court of Appeals by virtue of the constitutional mandate. This being true, we entertain no doubt that under the authority of the case last cited, the wife is competent to convey the legal title in the residence property referred to, subject, of course, to the husband's right of curtesy.

The judgment should be reversed and the cause remanded with directions to the trial court to consider the question of alimony *pendente lite* and suit money solely with a view to the necessities of the wife, and proceed with respect to such an allowance as may be proper for the support of the minor son. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.