ESTHER ROBERTSON, Respondent, v. ORRIN ROBERTSON, Appellant.

Kansas City Court of Appeals, May 17, 1909.

DIVORCE: Alimony Pendente Lite: Situation of Parties: Court's Discretion: Evidence. In a divorce suit by a wife the allowance of alimony *pendente lite* is largely in the discretion of the trial court and its discretion may be abused in allowing the wife such alimony when she had sufficient means of her own but the latter is a question of fact for the court; and on the evidence it is held the trial court did not abuse its discretion in making the allowance appealed from.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*Botsford, Deatherage & Creason* for appellant.

It is well settled that the allowance of temporary alimony is not a matter of right, and where the plaintiff who asks for temporary alimony has sufficient property in her own right to conduct the action and to maintain herself during its pendency, she is not entitled to temporary alimony. Adams v. Adams, 49 Mo. App. 592; McClosky v. McClosky, 68 Mo. App. 199; Penningroth v. Penningroth, 71 Mo. App. 438; 2 Am. and Eng. Ency. of L. (2 Ed.), 105, 106, 125.

*Hughes & Whitsett* for respondent.

(1)  The statute provides that the court may decree alimony pending the suit for divorce where the same would be just, whether the wife be plaintiff or defendant, and enforce the order in such manner provided for by law in other cases.  R. S. 1899, sec. 2926; Waters v. Waters, 49 Mo. 386; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216.  (2)  It is believed that no case can be found in which the wife, living separate from her husband, and without an income competent for her support and the maintenance of her suit, has been denied temporary alimony and allowance to enable her to defend herself and prosecute the suit against her husband.  Waters v. Waters, 49 Mo. 389.  (3)  An order for temporary alimony is largely within the discretion of the circuit judge, and should not be interfered with by the appellate court, unless it is made clearly apparent that such discretion has been abused.  Adams v. Adams, 49 Mo. App. 601; State ex rel. v. Seddon, 93 Mo. 523.

BROADDUS, P. J.—This is an appeal from an order of the court allowing plaintiff alimony in the divorce suit pending, $40 per month for maintenance and $300 for suit money and attorney's fees.  The parties were married July 3, 1908, and separated September 23, 1908. The wife's suit is based upon indignities she suffered at the hands of defendant.

On the hearing of the motion for the allowance, it was shown in evidence that a few days before plaintiff and defendant were married he conveyed to her a residence numbered 1610 Central street in Kansas City, which was encumbered with a mortgage for $6,000, and gave her a carriage and horses valued at $1,300.  The house in question, while estimated to be of the value of $35,000, was shown to be in a neighborhood undesirable for residence purposes and would not rent for more than

$75 per month. The plaintiff had no other source of income. It was established by the evidence that defendant was possessed of property amounting to several hundred thousand dollars and that he had a large income from his business. It is contended by defendant that under the showing made the order was unauthorized. It is the law that an allowance of alimony *pendente lite* is largely a matter within the discretion of the judge, and will not be interfered with by the appellate court unless it is made clearly to appear that such discretion has been abused. [State ex rel. v. Seddon, 93 Mo. 520; Adams v. Adams, 49 Mo. App. 592; McClosky v. McClosky, 68 Mo. App. 199.] It is said in the last case, "To entitle defendant to the allowance for maintenance during the pendency of the action, it devolved on her to show that plaintiff failed to furnish her and her minor children, who appeared to be under her direct control, reasonable support." Penningroth v. Penningroth, 71 Mo. App. 438, is is held that the right of the wife to alimony, *pendente lite,* is no longer absolute where she has sufficient property in her own right to conduct or defend the action. In State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216, it is held that the circuit court may decree alimony pending a suit for divorce in all cases where the same would be just.

All that can be said as to the law in such cases may be resolved into one sentence, viz., that it is largely in the discretion of the court whether to allow alimony *pendente lite* in any given case. It certainly would be an abuse of discretion for a court to allow a wife such alimony where it is made to appear that she has sufficient means of her own, as the reason for allowing her such support is because she has them not. But it is a question of fact for the court, not to say she has means, but whether they are sufficient for the purpose.

Under the showing made, we are not prepared to say that the court erred in deciding that the plaintiff did not have sufficient means to support herself and carry on

her suit. The house, which defendant conveyed to her, was mortgaged and she ought not to have been required under the circumstances to place another mortgage on it in order to obtain funds so that she might maintain herself and prosecute her suit. And to have rented it at $75 a month would not have answered the purpose in view of the fact that she would necessarily be compelled to procure another home, which would have to be paid for out of the rent money. It is true, the carriage and horses defendant gave plaintiff, if sold, might realize enough for her support and to carry on her suit. But we believe she ought not be required to dispose of all her available personal property for the temporary purpose in view. Had the defendant been a man of small means and required by reason thereof to economize in order to support himself, the motion should have been denied. But each case of this kind must be governed by the circumstances and condition in life of the parties, and what would be a proper allowance in one instance would be unjustifiable and oppressive in another. The true rule is expressed in State ex rel. v. St. Louis Court of Appeals, *supra,* that the court should allow alimony "in all cases where the same would be just." We believe the decree herein is sustained by said rule.

Affirmed. All concur.