NELLIE G. DAVIS, Respondent, v. ELLIS T. DAVIS, Appellant.

Kansas City Court of Appeals, November 17, 1913.

DIVORCE: Alimony Pendente Lite. The right of a wife to alimony *pendente lite* and suit money is not absolute and will be denied in instances where she had sufficient property in her own right to prosecute or defend the action. But the law still recognizes the right of a wife to receive support from her husband pending the divorce suit where her own means are inadequate to support her in a manner suitable to the means of her husband. It is largely in the discretion of the court whether to allow alimony *pendente lite* in any given case.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H. Mayer,* Judge.

AFFIRMED.

*John S. Boyer* and *Broaddus & Crow* for appellant.

*Mytton & Parkinson* for respondent.

JOHNSON, J.—The appeal in this case is prosecuted by defendant from a judgment for temporary alimony and suit money recovered in an action for divorce brought by plaintiff against defendant in the circuit court of Buchanan county. The parties were married in September, 1899, and lived together until September 17, 1912, when they separated. Plaintiff retained the custody of a child born of the marriage who was twelve years old at the time of the separation.

The action for divorce was returnable to the January, 1913, term of the circuit court. Defendant appeared and filed an answer and cross-petition in which he prayed that a divorce be granted him on the ground

of the alleged adultery of plaintiff. Before the filing of this pleading defendant served notice on plaintiff to take depositions in Los Angeles, California. Plaintiff thereupon filed a motion for suit money and alimony *pendente lite*. After hearing evidence on the motion the court rendered the following judgment:

"The motion for temporary alimony, suit money and attorneys' fees in this cause coming on to be heard, and the court having heard the evidence and having examined all of the pleadings and being fully advised in the premises, doth find that the plaintiff is possessed of a diamond ring of the value of about two hundred dollars and a ring of the value of about fifteen dollars, and a piano of the value of about one hundred dollars.

The court further finds that the plaintiff's mother died several months prior to this date; that the plaintiff has an interest in the estate left by her mother, which estate consisted of certain real estate in the town of Diagonal in the State of Iowa; that the plaintiff's mother and the plaintiff's father resided on said real estate at the time of the death of the plaintiff's mother; that there is no evidence upon which the court can find the value of said real estate, but the court finds that plaintiff has an undivided one-half interest in said real estate subject to a life interest of plaintiff's father; that her mother's estate is now being probated, the time for final settlement not having arrived; that there is no evidence as to the value of the personal property, if any, left by plaintiff's mother; that plaintiff's grandmother has recently died in the State of Illinois, bequeathing to plaintiff $500; that the will of plaintiff's mother is being contested and plaintiff cannot now obtain said bequest.

The court finds that the infant son of plaintiff and defendant, aged twelve years, is residing with plaintiff.

The court doth further find that the defendant has in cash twenty-eight hundred dollars; that he owns real estate of the value of three thousand dollars, and that he is earning as traveling salesman seventy-five dollars per month and his expenses.

The court further finds that the defendant has failed and refused to contribute anything towards the support and maintenance of plaintiff.

The court further finds from representations made to the court by the attorneys of the respective parties on the application of the defendant to shorten time for taking depositions on behalf of defendant in Los Angeles, in the State of California, that it is necessary for the plaintiff to be represented at the taking of said depositions in Los Angeles, and that fifty dollars is a reasonable compensation for the services of an attorney to represent plaintiff in the taking of depositions.

Wherefore it is ordered, adjudged and decreed that the defendant pay to the clerk of the circuit court fifty dollars to be paid to counsel representing plaintiff at the taking of said depositions in Los Angeles; that defendant pay two hundred and fifty dollars to the clerk of said court to be paid to attorneys, Mytton & Parkinson, for the preparation of plaintiff's cause and representing her in said cause in the circuit court of Buchanan county, and that the defendant pay said money on or before the 13th day of January, 1913, and further, that the defendant shall pay to the clerk of this court thirty-five dollars on the 15th day of January, 1913, and on the 15th day of each month thereafter and until the trial of this cause, for the support and maintenance of plaintiff and the minor child of this plaintiff and defendant.''

The facts thus found by the court are abundantly supported by evidence. It appears that when the parties separated defendant kept possession of the house they were occupying, the title to which is in his name,

and of the household goods and other personal prop-
erty. He had about $2800 in bank and was and is re-
ceiving a salary of seventy-five dollars per month. He
gave plaintiff nothing and has since contributed noth-
ing to her support or that of the child, with the ex-
ception of some clothing which he has provided for the
child. Plaintiff had about ninety dollars in money,
some jewelry and a piano. She rented and furnished
a small house, exhausted her ready money and is sup-
porting herself and the child by keeping a boarder and
doing needlework. It is quite evident that her inter-
est in the estate of her mother and grandmother are
in such condition that she cannot resort to them for
means to prosecute her suit and to defend herself
against the serious charge her husband has made
against her in his cross-petition.

While it is true that the right of a wife to alimony
*pendente lite* and suit money is no longer absolute in
this State and will be denied in instances where she
has sufficient property in her own right to prosecute
or defend the action (Penningroth v. Penningroth, 71
Mo. App. 438; State ex rel. v. St. Louis Court of Ap-
peals, 99 Mo. 216; Robertson v. Robertson, 137 Mo.
App. 93), the law still recognizes the right of a wife to
receive support from her husband pending the divorce
suit where her own means are inadequate to support
her in a manner suitable to the means of her husband.

Plaintiff should not be compelled to sell or pawn
her diamond ring or mortgage her piano to obtain for
herself and child money to live on and to defray neces-
sary expenses incurred by her in the prosecution and
defense of the divorce suit when her husband has
money and other property of the value of more than
$5,000 and a salary of seventy-five dollars per month.
As is well said in Robertson v. Robertson, supra:
"All that can be said as to the law in such cases may
be resolved into one sentence, viz., that it is largely
in the discretion of the court whether to allow alimony

*pendente lite* in any given case. It certainly would be an abuse of discretion for a court to allow a wife such alimony where it is made to appear that she has sufficient means of her own, as the reason for allowing her such support is because she has them not. But it is a question of fact for the court, not to say she has means, but whether they are sufficient for the purpose. . . . ' each case of this kind must be governed by the circumstances and condition in life of the parties, and what would be a proper allowance in one instance would be unjustifiable and oppressive in another. The true rule is expressed in State ex rel. v. St. Louis Court of Appeals, supra, that the court should allow alimony 'in all cases where the same would be just.' ''

We do not think the judgment before us may rightly be called an abuse of sound discretion.

The judgment is affirmed. All concur.