ESTELL BENDER, Respondent, v. JOSEPH
BENDER, Appellant.

St. Louis Court of Appeals, May 4, 1915.

1. **DIVORCE: Right of Wife to Alimony Pendente Lite.** The right of a wife to alimony *pendente lite* and suit money is no longer absolute, but is dependent on her needs, and will be denied where she has ample means; but the law still recognizes her right to support from her husband during the divorce suit, if her own means are inadequate to support her consistently with the means of her husband—the propriety of an award of alimony *pendente lite* resting largely in the discretion of the trial court, whose action should not be set aside except for a manifest abuse of such discretion.

2. ———: ———: **Sufficiency of Evidence.** In an action by a wife for divorce, *held* that an allowance to the wife of alimony *pendente lite* in the amount of $60 per month was not an abuse of judicial discretion.

3. ———: **Alimony Pendente Lite: Final Decree Vacates Interlocutory Orders.** An allowance of alimony *pendente lite* comes to an end upon the determination of the divorce suit on its merits.

4. **TRIAL PRACTICE: Conduct of Trial Judge.** On the hearing of a wife's motion for alimony *pendente lite*, *held* that the record did not show that the trial court acted arbitrarily in making the allowance, merely because he was reluctant to permit the husband to introduce evidence tending to show that the wife had ample means.

5. **DIVORCE: Alimony Pendente Lite: Maintenance of Minor Child.** In an action by a wife for divorce, the court may, in awarding alimony *pendente lite*, allow a sum for the maintenance of a minor child retained by the wife.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*E. C. Slevin, Edw. V. P. Schneiderhahn* and *Taylor R. Young* for appellant.

(1) In the exercise of its judicial discretion, the court may, upon consideration of a motion for alimony *pendente lite,* inquire into the merits of the pending controversy; and should do so if the action appears upon the face of the verified pleadings to be frivolous and merely for the purpose of extorting money from the husband. Adams v. Adams, 49 Mo. App. 592; 2 Bishop on Marriage and Divorce, sec. 936; 14 Cyc. 754. (2) In fixing the amount of an award of alimony *pendente lite,* it is error for the court to estimate therein the cost of maintenance of the children. R. S. 1909, sec. 2375. (3) When it appears that the wife is possessed of ample means of her own, no award of alimony *pendente lite* should be made. Penningroth v. Penningroth, 71 Mo. App. 438; Robertson v. Robertson, 137 Mo. App. 93. (4) An excessive award is an abuse of the discretion of the trial court which will be reviewed upon appeal. State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216; Davis v. Davis, 174 Mo. App. 538.

*Stern & Haberman* for respondent.

ALLEN, J.—This is an appeal from an order granting alimony *pendente lite.* On October 22, 1912, plaintiff, respondent here, instituted a suit for divorce against the defendant, returnable to the December term, 1912, of the circuit court of the city of St. Louis. On December 20, 1912, on plaintiff's motion, the court made an order upon defendant to pay plaintiff alimony *pendente lite* in the sum of sixty dollars per month, to begin January 1, 1913, payable in semimonthly payments of thirty dollars each; and it is from this order that the appeal is prosecuted.

It appears that defendant and plaintiff were married in 1894, and lived together as husband and wife until October 22, 1912, the day upon which the petition was filed. Three children, all males, were born of

the marriage, who were seventeen, fourteen and eleven years old, respectively, at the time of the hearing on the motion below. On October 22, 1912, plaintiff left defendant's home, taking with her the youngest child and some of the furniture and household goods.

Defendant had acquired three parcels of real estate in the city of St. Louis, improved by three residence structures, which, it appears, he had caused to be conveyed to himself and wife jointly. The family had resided in one of the buildings, and defendant and the two children remaining with him continued to live there after the separation. Another of these buildings contained two apartments "or flats," and plaintiff, with the youngest child, moved into one of these, which had become vacant, and, at the time of the hearing below, was receiving the rents from the other apartment, amounting to twenty-three dollars per month.

Defendant is a butcher, and according to his testimony his net income from his business averages from $100 to $125 per month. Plaintiff's testimony is that it ranges from $150 to $200 per month. Though it appears that plaintiff had formerly collected all of the rents, since the separation defendant has been receiving the rents from the third building, owned as aforesaid, amounting to forty dollars per month. It appears that plaintiff owns some stock in certain companies conducting moving picture shows, said to be worth $830, and which had paid dividends of $75.65 during the previous year. It also appears that she earned something by the sale of small paintings, of her own production. The evidence shows that she had at the time of the hearing of the motion $178.90 in bank. She testified, however, that she then owed bills amounting to more than this.

Appellant contends that plaintiff was shown to be possessed of ample means of her own, and that for this reason no award of alimony *pendente lite* should have been made; and that, in any event, the allow-

ance is excessive in view of the facts which were de-veloped at the hearing. It is true that the right of the wife to alimony *pendente lite* and suit money is no longer regarded as absolute, but is dependent upon her needs. And it has been frequently declared by this court that where the wife has ample means there-for in her own right, she should be denied an allow-ance. This question is fully and well discussed in Rutledge v. Rutledge, 177 Mo. App. 469, 119 S. W. 489, where earlier cases are cited. However, the law still recognizes the right of the wife to receive support from the husband during the pendency of the divorce suit if her own means are inadequate to support her in a manner consistent with the means and ability of the husband. [See Davis v. Davis, 174 Mo. App. 538, 160 S. W. 829.] What are the necessities of the case is a matter necessarily resting very largely in the sound judicial discretion of the trial court (Davis v. Davis, supra; Robertson v. Robertson, 137 Mo. App. 93, 119 S. W. 533; Penningroth v. Penningroth, 71 Mo. App. 438); whose action ought not to be set aside except for a manifest abuse of such discretion.

A careful consideration of the facts to be gleaned from this record has led us to the conclusion that the trial court cannot be convicted of an abuse of its dis-cretion in the premises. Plaintiff's testimony is that she owed debts amounting to more than the amount of her deposit in bank; and while she owned the above mentioned stock, we feel that we could not say that she should be required to make an effort to sell or pledge this in order to provide for her maintenance under the circumstances. [Davis v. Davis, supra, l. c. 541.] It is true that she had no rent to pay, and that she re-ceived the rents from the upper apartment in the build-ing in which she lived. However, taking these matters into consideration, and the husband's means, an allow-ance of sixty dollars a month does not appear to make the total so large as to be pronounced excessive on

its face and justify our interference. As appears above, there is a conflict in the testimony as to the average income of the husband from his business. He likewise was not required to pay rent for the premises which he and the other children occupied, and collected rents amounting to forty dollars per month. Furthermore, though the separation took place October 22, 1912, the payment of this alimony *pendente lite* was to begin January 1, 1913, no allowance being made for the months of November and December, 1912, and it would necessarily come to an end, so far as this order is concerned, upon the determination of the divorce suit on its merits below (see Creasey v. Creasey, 175 Mo. App. 237, 157 S. W. 862); and the trial court refused to make any allowance for suit money or attorney's fees. All things considered, we think that we could not properly say that the trial court abused the discretion reposed in it by making an allowance of sixty dollars per month for the short time which presumably would intervene prior to the final decree below for the maintenance of plaintiff and the young child.

Complaint is made of the attitude of the trial court toward the defense throughout the hearing upon the motion. It appears that after hearing the wife's testimony in support of the motion, the court at once announced that an allowance of sixty dollars would be made; whereupon defendant's counsel stated that he desired to introduce evidence to show that plaintiff was possessed of ample means of her own. The trial judge, though reluctantly, permitted this to be done; and after hearing the testimony adduced by defendant, stated that he saw no reason for changing his views as to the allowance to be made. The substance of the complaint in this regard, so far as it pertains to anything here reviewable, is that the court acted arbitrarily and not in the exercise of a judicial discretion. But with what we have before us in the record we could not predicate a reversal upon the matters so complained of. The

court did hear defendant's testimony, though reluct-antly, and the real question is whether or not the court abused its discretion in making the order which it finally made. It is impossible for us to control the conduct of *nisi prius* courts, except where it appears to be such as to prejudice the substantial rights of litigants. We cannot, from the record, say that the defendant was here denied any right which the law guarantees to him.

It is said that the record upon its face shows that the divorce proceeding throughout is one prosecuted by plaintiff for the sole purpose of extorting money from the defendant; and in support of this it is pointed out that the petition was filed on the very day of the separation, upon which day also the motion in question was verified; and that the latter was first filed on November 1st, prior to the return day of the summons in the divorce action. And it is said that under the circumstances the court should have inquired more fully into the motives which prompted the institution of the action by plaintiff. It is true that it appears that plaintiff was in great haste both to institute her action and to file her motion, but the testimony adduced tended rather to dispel the idea that the suit was in-stituted solely to extort money from defendant. Plain-tiff and defendant together held title to the real prop-erty, and defendant says that plaintiff had always been allowed to collect the rents. The record before us contains plaintiff's petition and defendant's cross-bill filed thereto. Each party sets up many indignities alleged to have been offered by the other, each claim-ing to be the injured and innocent party. We see no reason for disturbing the ruling below on the ground that the court should have inquired further into the merits upon this hearing.

The point made that the court in passing upon this motion could not, under the statute, allow anything on

account of the maintenance of the child retained by the wife we think is without merit. [See Rutledge v. Rutledge, supra; Penningroth v. Penningroth, supra, l. c. 441.]

The judgment will therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.